541 So.2d 747 (1989)
Lazaro ALBA, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-122.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Barbara S. Levenson, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., Tallahassee, for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
LEVY, Judge.
The defendant was charged, in an Information filed by an Assistant State Attorney, with Conspiracy to Traffic in Cocaine With a Firearm, Attempted Armed Robbery, Possession of a Controlled Substance, Carrying a Concealed Firearm, and Resisting an Officer with Violence. Two other persons were named as co-defendants in the Information.
One of the co-defendants filed a timely motion to dismiss the Information, pursuant to Fla.R.Crim.P. 3.190(c), on the ground that the Assistant State Attorney who signed the Information was not sworn at the time. It is undisputed that, while the Information was signed by the Assistant State Attorney, the Deputy Court Clerk, *748 who also signed the Information, failed to administer an oath to the Assistant State Attorney prior to the signing of the Information by the Assistant State Attorney.
Defendant Alba adopted the above-described Motion to Dismiss, which said motion was denied by the Court. Thereafter, the defendant proceeded to stand trial. Prior to jury deliberation, the court granted the defendant's Motion for Judgment of Acquittal as to the charge of Possession of a Controlled Substance. In addition, the court subsequently granted the defendant's Motion for Judgment of Acquittal as to the charge of Attempted Robbery.
The defendant was convicted and sentenced in connection with the three remaining charges. This appeal ensued with Alba contending that he is entitled to a reversal because he was tried upon an unsworn Information. The State concedes that Alba is legally entitled to a reversal of his convictions. We agree and reverse.
In addition to having his convictions reversed, Alba seeks to have this court prohibit any further proceedings against him in connection with the charges involved in this case. We find that such a position is legally unsupportable.
Clearly, the fact that the defendant was tried upon an unsworn Information does not rise to such a level of error which would entitle the defendant to a complete release from the charges brought against him. The fact that the defect complained of by Alba is only one of form (as distinguished from substance) is made clear in Champlin v. Cochran, 125 So.2d 565, 566 (Fla. 1960), which stated, in pertinent part, as follows:
We think it is clear that the principal reason for this requirement is merely to secure good faith on the part of the prosecuting officer. The affidavit is not a part of the charge or the statement of the accusation against the defendant. Being a matter of form a defective affidavit, or the total absence of an affidavit as here, may be waived by failure to make timely objection or by a plea to the merits. Bryan v. State, 41 Fla. 643, 26 So. 1022.
The record in this case demonstrates that Alba preserved the error for appellate review, through the filing of a timely Motion to Dismiss[1], thereby entitling him to have this court mandate appropriate corrective measures.
In this case, as was done in the case involving Alba's co-defendant, granting Alba the appropriate relief involves reversing his convictions and discharging him from the legal obligations and burdens that would otherwise be placed upon him by the defectively filed Information. This occurring, the case is remanded to the trial court with directions to grant Alba's Motion to Dismiss. That cures the error committed by the erroneous pre-trial denial of that motion and allows for such further proceedings as may be appropriate, including the filing of a proper Information by the State, if the State elects to do so. See State v. Cappetta, 395 So.2d 283 (Fla. 3d DCA 1981).
Accordingly, we reverse Alba's convictions and remand this case with directions to the trial court to grant Alba's previously filed (through the adoption of his co-defendant's motion) Motion to Dismiss.
Reversed and remanded with directions.
NOTES
[1] The question of whether or not Alba entered "a plea to the merits", thereby waiving any objection to the defect in the Information complained of herein, has not been raised in this case. Accordingly, we do not address it.