892 So.2d 1183 (2005)
James HEDGLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1395.
District Court of Appeal of Florida, Fifth District.
February 4, 2005.
*1184 James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
James Hedglin appeals his conviction and sentence imposed following his plea of nolo contendere to two counts of lewd and lascivious molestation.[1] Although he voluntarily entered his plea, Hedglin attempted to reserve his right to challenge the trial court's denial of his motion to dismiss the information filed against him. Hedglin's motion to dismiss alleged that the information against him was defective because it did not meet the requirements of Florida Rule of Criminal Procedure 3.140(g) where there was no evidence that the alleged child victim was administered an oath prior to giving her statement or that the person to whom the statement was given was a proper person to administer an oath. Because the trial court's denial of Hedglin's motion to dismiss was not dispositive, this court lacks jurisdiction and the instant appeal must be dismissed.
A defendant may appeal a conviction based on a nolo contendere plea only if he expressly reserves the right to appeal a prior dispositive order of the trial court. Brown v. State, 376 So.2d 382 (Fla.1979); §§ 924.051(4), 924.06(3), Fla. Stat. (2004); Fla. R.App. P. 9.140(b)(2)(A)(i). In the instant case, the trial court expressed doubt that Hedglin's motion to dismiss was dispositive and so advised Hedglin at the time he entered his plea. An issue is legally dispositive only if it is clear that regardless of whether the appellate court affirms or reverses the trial court's decision, there will be no trial. E.g., Jones v. State, 806 So.2d 590 (Fla. 5th DCA 2002). The issue challenged on appeal (that the information filed against Hedglin was defective due to lack of a proper oath) is not dispositive of the underlying case because the State is free to cure the defect and file a proper information. The State could still bring Hedglin to trial even if this court were to reverse the convictions based upon the alleged defect in the information. See Alba v. State, 541 So.2d 747 (Fla. 3d DCA 1989) (recognizing that defendant who was tried upon unsworn information was entitled to reversal of his convictions, but not to complete release from charges brought against him as defect of unsworn information was only one of form as distinguished from one of substance); see also Champlin v. State, 122 So.2d 412 (Fla. 2d DCA 1960) (recognizing that although the Florida constitution requires an information be under oath, such verification is not a substantial part of the information and is merely to insure good faith in instituting proceedings, *1185 and absence or omission of verification is only formal defect which may be waived, and does not render information void).
Accordingly, we dismiss Hedglin's appeal for lack of jurisdiction. See, e.g., Teague v. State, 728 So.2d 1203 (Fla. 5th DCA 1999).
DISMISSED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] § 800.04(5)(b), Fla. Stat. (2002).