378 So.2d 1332 (1980)
Michael Ervin KIDDY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1207.
District Court of Appeal of Florida, Fourth District.
January 16, 1980.
Robert Augustus Harper, Jr., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant was convicted of possession of cannabis in excess of one hundred pounds. Initially, appellant contends that the information filed against him was defective and that the trial court erred in denying his motion to dismiss. We believe the information, which cited the specific section of the statutes involved, was sufficient under our holding in Bass v. State, 263 So.2d 611 (Fla. 4th DCA 1972).
Appellant also contends that the trial court erred in admitting into evidence substantial quantities of cannabis which, according to appellant, were seized as a result of an illegal roadblock stop and two subsequent illegal searches. However, our review of the record reflects an adequate evidentiary basis for the trial court's finding that the initial search of appellant's vehicle was conducted with his consent. See St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978). In addition, although appellant complains of a second search of certain sealed boxes found to contain cannabis, the trial record contains evidence indicating that numerous bales of cannabis in an amount sufficient to sustain appellant's conviction were also found in appellant's vehicle. We also note that the trial transcript fails to demonstrate that the appellant renewed his objections to the evidence at trial after his earlier motions to suppress were denied. For that reason, appellant has failed to preserve such objections for appellate purposes. Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978).
We have reviewed the other points raised by appellant and find no merit therein. Accordingly, the judgment and sentence are hereby affirmed.
ANSTEAD and LETTS, JJ., and POWELL, ROM, Associate Judge, concur.