416 So.2d 485 (1982)
Richard ASMER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1521, 81-1751.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Rehearing Denied July 28, 1982.
*486 Richard L. Jorandby, Public Defender, Jerry Schwarz, Asst. Public Defender, and Ronald McRae, Legal Intern., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Richard Asmer appeals his conviction of trafficking in Methaqualone in an amount exceeding 200 grams but less than 5 kilograms. He contends the trial court erred in denying his motion for judgment of acquittal for failure to prove the offense as charged, and in denying his motions for new trial and in arrest of judgment for failure to charge "knowingly" in the information.
The information alleges that appellant [D]id ... unlawfully deliver ... a controlled substance, to wit: Methaqualone, or a mixture containing Methaqualone, in an amount of two hundred (200) grams or more, but less than five (5) kilograms, contrary to F.S. 893.(1)(e)(1)... . (emphasis added)
This statute provides a minimum sentence for "any person who knowingly sells" between 200 grams and 5 kilograms of Methaqualone or of any mixture containing Methaqualone (emphasis added).
Appellant's counsel moved to dismiss the information on various constitutional and procedural grounds, but did not challenge the sufficiency of the information based on the use of the word "unlawfully" rather than "knowingly." At trial, the State's expert witness testified that she determined *487 the net weight of the tablets at 795.7 grams, and that she tested one tablet at random and found it to contain Methaqualone. During the jury charge the trial judge read the information and the statute and specifically charged the jury that it must find beyond a reasonable doubt that appellant knowingly delivered methaqualone in the proper amount.
Appellant first contends the State failed to prove the offense charged because the expert testimony did not establish that appellant sold 200 grams of Methaqualone alone. This point is without merit. In Purifoy v. State, 359 So.2d 446 (Fla. 1978), on which appellant relies, the Supreme Court construed a statute which required the State to separate proscribed material from legal material in order to prove that the weight of the contraband alone exceeded the statutory amount. Section 893.135(1)(e) prohibits the sale of any mixture containing Methaqualone. The State cannot be expected to draw distinctions so fine as to treat all law violators with the precision of a computer. State v. Yu, 400 So.2d 762 (Fla. 1981). To require the State to test each tablet of the 1,000 tablets delivered by appellant and prove that enough tablets contained enough pure Methaqualone to satisfy the statutory amount is patently unreasonable.
Appellant next claims that the use of the word "unlawfully" rather than "knowingly" renders the information invalid. He compares his case to prosecutions for battery of a law enforcement officer, where the courts stated that without an allegation that the defendant knew the person battered to be a law enforcement officer, the circuit court was without jurisdiction. Analysis of these cases indicates that reversal was not granted because no crime was charged, but rather because without an allegation that the defendant knew the victim to be a law enforcement officer, the crime charged could be no more than a misdemeanor and thus jurisdiction was in county court rather than circuit court. See Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979). Herein appellant claims that the greatest offense charged is violation of Section 893.13(1)(a), delivery of Methaqualone. Violation of this statute is a third degree felony, however, and jurisdiction was properly in circuit court.
Rule 3.190(b) Florida Rules of Criminal Procedure requires all defenses other than that of not guilty to be made only by motion to dismiss the information. Failure to so raise the defense waives the defect, unless the information wholly fails to charge a crime, Tracey v. State, 130 So.2d 605 (Fla. 1961), State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973). Failure to allege one ingredient of an offense does not necessarily render the charge void as wholly failing to state a crime, State v. Taylor, supra, particularly where the information charges the specific section of the statute under which the prosecution proceeds. Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980), Kiddy v. State, 378 So.2d 1332 (Fla. 4th DCA 1980), Bass v. State, 263 So.2d 611 (Fla. 4th DCA 1972).
The principles reviewed herein have enjoyed long standing and consistent application by the courts of this State. A defendant may not thwart the ends of justice by sitting on a technical defect which has occasioned him no prejudice, holding it in reserve as a trap to spring on the State in the event the jury renders an adverse verdict.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.