538 So.2d 499 (1989)
James Lewis BOND, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2626.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
This appeal directs our attention to drugtesting procedures used to prove the quantity of statutorily prohibited substances. We examine those procedures in context with our holding in Ross v. State, 528 So.2d 1237 (Fla. 3d DCA), review denied, 537 So.2d 569 (Fla. 1988). In Ross, we held that random testing of suspect drugs found within a single packet is permissible as long as each packet is tested.
*500 Here, the criminologist received 139 small plastic bags of suspect rock cocaine. He tested one of the 139 different-sized rocks and concluded that the combined rocks contained enough cocaine to violate section 893.135(1)(b), Florida Statutes (1985). The trial court entered a trafficking conviction and sentence, and Bond filed his appeal seeking reduction of the trafficking charge to possession based on the state's alleged failure to prove the quantity of cocaine. We affirm.
The gravamen of Ross was its recognition that a variety of powdery white substances resemble cocaine in powder form. Rock cocaine, however, more closely resembles pills than powder. Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982). Asmer and Ross approve the random testing of commingled pills. Thus, we hold that Ross does not mandate the testing of each rock of cocaine.
AFFIRMED.
BASKIN and JORGENSON, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
As I have indicated in my specially concurring opinion in State v. Clark, 538 So.2d 500 (Fla. 3d DCA 1989), I believe that, unlike Clark, this cause involves a principled difference from Ross. This is because there is no innocent substance which could be contained in the untested items possessed by the defendant. Like the piece of material subjected to laboratory analysis, the numerous, identical others were small misshapened "rocks" which no reasonable person could believe contained anything other than what was found in the tested one, cocaine. Since there is thus no danger whatever of misidentification of the remaining substance, I agree that, even following Ross, we should affirm.