629 So.2d 180 (1993)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, Petitioner,
v.
Sheryl PADILLA, Respondent.
No. 93-1710.
District Court of Appeal of Florida, Third District.
November 2, 1993.
Rehearing Denied January 18, 1994.
Rafael E. Madrigal, Miami, for petitioner.
Essen & Essen and Nancy C. Wear, North Miami Beach, for respondent.
Before NESBITT, JORGENSON and GERSTEN, JJ.
NESBITT, Judge.
In July 1992, a hearing officer sustained the Department of Highway Safety and Motor Vehicles Bureau of Driver Improvement (the Department) administrative suspension of Sheryl Padilla's driver's license under section 322.2615, Florida Statutes (1991). Padilla petitioned the circuit court appellate division for a writ of certiorari to review the order. Finding a failure of proof at the administrative hearing, the circuit court appellate division granted the writ and directed the Department to vacate the suspension. The Department here requests this court to issue a writ of certiorari and to quash the lower court's order. The jurisdiction of this *181 court is invoked pursuant to Florida Rules of Appellate Procedure 9.030(b)(2) and 9.100. We grant the petition for writ of certiorari and quash the order of the circuit court and order the administrative suspension of Padilla's driving privilege reinstated.
Section 322.2615(2), Florida Statutes (1991) requires "an affidavit stating the officer's grounds for belief that the person arrested was in violation of section 316.193." Below, Padilla challenged the competency of the evidence received proving the requirement in section 322.2615(7)(b)1, "[w]hether the arresting law enforcement officer had probable cause to believe that the person driving was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances." The proof of probable cause in the instant case consisted of the arresting officer's written statement to which he swore, "The above statement is correct and true to the best of my knowledge and belief." There is no evidence to dispute that the affiant was fully and properly sworn before an authorized attesting officer.
Section 92.525 states, in part, as follows:
(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner: (a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; or (b) By the signing of the written declaration prescribed in subsection 2.
(2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words `to the best of my knowledge and belief' may be added. (Emphasis added.) The written declaration shall be printed or typed at the end of, or immediately below, the document being verified and above the signature of the person making the declaration.
... .
(4) As used in the section: ... (b) The term `document' means any writing including, without limitation, any form, application, claim, notice, tax return, inventory, affidavit, pleading or paper; (c) The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state, under oath, or affirm that the facts or matters stated or recited in the document are true, or words to that import or effect. (Emphasis added.)
Thus, section 92.525 contemplates that an affidavit may include such language and may be recognized as properly verified on information or belief and be sufficient to subject affiant to the penalties of perjury. Padilla cites Scott v. State, 464 So.2d 1171 (Fla. 1985), a case which deals with a construction of the Florida Rules of Criminal Procedure. In the instant case, we are dealing with a substantive power of the legislature to make law. Unquestionably, they have the power to determine what is considered an oath or verification. The language here under consideration was no more than a verification, part and parcel, of the document.
Accordingly, we grant the petition for writ of certiorari and quash the order under review and order the administrative suspension be reinstated.