691 So.2d 593 (1997)
Patricia GOINES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2429.
District Court of Appeal of Florida, First District.
April 16, 1997.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an order revoking community control. She argues that it was error to revoke community control because the affidavit alleging that she had violated the conditions of her community control was not made under oath, and because the evidence presented at the revocation hearing was legally insufficient to establish that the violations had been willful. We affirm.
Section 948.06(1), Florida Statutes (1995), provides that "any committing magistrate" may issue an arrest warrant for one alleged to have violated the conditions of his or her probation or community control "upon the facts being made known to him [or her] by affidavit of one having knowledge of such facts." (Emphasis added.) The "affidavit" alleging that appellant had violated the conditions of her community control was signed by appellant's supervising probation officer, and contained the following statement: "Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true." Pursuant to section 92.525, Florida Statutes (1995), such a statement constitutes "verification" of any document "authorized or required by law, by rule of an administrative agency, or by rule or order of court" to be "verified," including "affidavits." Accordingly, there is no merit to appellant's first argument.
We have carefully reviewed the evidence presented during appellant's revocation hearing. Having done so, we conclude that the evidence was legally sufficient to support the trial judge's finding that appellant's violations were willful. Accordingly, we reject this argument, as well.
AFFIRMED.
ALLEN, WEBSTER and MICKLE, JJ., concur.