708 So.2d 676 (1998)
Bernard D. SAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01174.
District Court of Appeal of Florida, Second District.
April 8, 1998.
*677 Robert Dillinger, Public Defender, and Dwight Wolfe, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Judge.
Appellant challenges his judgment and sentence for trafficking in cocaine by possessing twenty-eight or more grams of cocaine in violation of section 893.135(1)(b), Florida Statutes (1995). We agree with appellant's argument on appeal, that the trial court erred in denying his motion for judgment of acquittal because the State failed to establish that he possessed the requisite amount of cocaine in order to be found guilty of trafficking. We, therefore, reverse and remand to the trial court with instructions to reduce appellant's conviction to simple possession of cocaine and to sentence appellant accordingly.
The evidence at trial showed that the State calculated the total weight of the contents of two bags of narcotics seized from appellant's residence to meet the quantitative criteria of the trafficking statute. One bag contained rock cocaine and the other bag contained forty individually wrapped foil packets of alleged powder cocaine. The contents of the forty individual packets were combined by the investigating officer into one mixture so that it could be tested by the police chemist. Appellant correctly cites to Ross v. State, 528 So.2d 1237 (Fla. 3d DCA 1988) in support of his argument that such commingling was error.
In Ross, the Third District held that random testing of suspect drugs found within a single packet is permissible as long as each packet is tested. In the instant case, we conclude that the analysis performed on the random samples of rock cocaine was proper because all the material is similar in appearance and commingled in a single bag. See Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982). The testing of the powder cocaine mixture, however, is distinguishable in that there are many white powdery substances which can resemble powder cocaine. Therefore, the chemist's failure to test each individual packet before the contents were combined and weighed mandates reversal. See Ross; Bond v. State, 538 So.2d 499 (Fla. 3d DCA 1989).
Reversed and remanded with instructions.
PARKER, C.J., and LENDERMAN, JOHN C., Associate Judge, concur.