DANAHY, PAUL W., (Senior) Judge.
James Futch challenges his judgment and sentence for possession of methamphetamine. He argues that there was insufficient evidence to support the conviction. We agree.
Futch was initially charged with attempted sale of methamphetamine. At the close of the State’s case, the trial court granted Futch’s motion for judgment of acquittal on the attempted sale and allowed the case to proceed to the jury on the offense of possession of methamphetamine. The State’s evidence showed that the police had seized a mirror, with a white powdery substance on it, from Futeh’s motel room. Detective Doty of the Lakeland Police Department performed a field reagent test, otherwise known as a valtox test, on the substance and it tested negative for the presence of methamphetamine. Officer John Skjefte testified that he twice valtox-tested the substance and both times it tested positive for the presence of methamphetamine. The substance was sent to the Florida Department of Law Enforcement laboratory in Tampa for testing. The laboratory results showed that it tested negative for the presence of any controlled substances. Officer Skjefte testified that the test performed by the chemist at the FDLE laboratory is more definitive than the valtox test.
The jury found Futch guilty of the offense of possession of methamphetamine. Within ten days of the verdict, Futch moved for a judgment of acquittal citing L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990). He argued that the evidence was not sufficient to support the verdict. The trial court erred in denying the motion. In L.R., L.R. was adjudicated delinquent for possession of cocaine.
At the adjudicatory hearing the sole evidence identifying the substance was the officer’s testimony that, based on his past experience, it appeared to be rock cocaine, and that it field tested positive for cocaine. The officer described the procedure for performing the test but was unable to testify as to the reliability of the test. No laboratory report was introduced nor was a chemist called to testify.
L.R., 557 So.2d at 122. The L.R. court held the above evidence was insufficient and reversed the adjudication of delinquency.
In the present case, there is even less evidence than there was in L.R. Officer Skjefte did not testify to the reliability of the valtox test. Moreover, he testified that the FDLE laboratory test, which was negative for controlled substances, was more reliable than the valtox tests. Further, we have been unable to find any Florida case where a defendant was convicted of possession of a controlled substance when the evidence at trial showed that the substance at issue was tested at the FDLE laboratory and the results were *542 negative for the presence óf a controlled substance.
Accordingly, we reverse Futch’s conviction and remand with instructions to discharge him.
PARKER, A.C.J., and GREEN, J., Concur.