807 So.2d 709 (2002)
Samuel LYONS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3536.
District Court of Appeal of Florida, Fifth District.
February 1, 2002.
*710 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Following a traffic stop based on a window tint violation, officers discovered, hidden in a cereal box in a grocery bag in the back seat, two bricks of powdered cocaine, weighing together, 813.4 grams. The appellant was a passenger in the vehicle; his girlfriend was the driver. The appellant was eventually convicted in a jury trial of trafficking in cocaine in an amount in excess of 400 grams. While he raises three issues in this appeal, we find only one merits discussion.
The appellant argues that, because the cocaine was randomly tested only after the contents of the two bags were commingled, there was insufficient evidence to support his conviction for trafficking in greater than 400 grams of cocaine. Specifically, appellant notes the combined weight of the substance found in the two bags was 813.4 grams, that his trafficking conviction was for possession of 400 grams or more, but that because of the commingling, there was no way for the jury to reasonably conclude that one of the bags contained at least 400 grams of a substance containing cocaine.[1]
It has been found with respect to powder cocaine wrapped in separate containers, that a sample must come from each container in order to have the amount in each container included in the total alleged amount of contraband. Ross v. State, 528 So.2d 1237 (Fla. 3d DCA 1988). For rock, or crack cocaine, however, this rule against such commingling does not exist. Collins v. State, 717 So.2d 186 (Fla. 5th DCA 1998) (sufficient evidence to support conviction for trafficking of at least 28 grams of cocaine where 30 to 40 bags of crack cocaine involving total quantity of 196.5 grams were commingled into single bag for testing at lab); Bond v. State, 538 So.2d 499 (Fla. 3d DCA 1989) ("The gravaman of Ross was its recognition that a variety of powdery white substances resemble cocaine in powder form. Rock cocaine, however, more closely resembles pills than powder. Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982). Asmer and Ross approve the random testing of commingled pills").
In Ross, the state tested only two of 92 packets containing powdered cocaine and then attempted to include the weight of the contents of all 92 packages to support *711 the trafficking conviction. The appellate court ruled that random testing of separately wrapped powdered cocaine is sufficient for a conviction based on the total quantity of all of the wrapped powdered substances but only if a sample from each individual packet is tested. In State v. Clark, 538 So.2d 500 (Fla. 3d DCA 1989), the third district relied on its earlier Ross decision in affirming a trial court's reduction of charges from trafficking to possession where the state commingled the contents of an unspecified number of capsules before testing the combined contents.
Judge Schwartz, in his dissent in Ross, found that the positive testing of two of the 92 bags, when viewed with the other evidence, such as the fact that each bag was packaged the same and appeared the same, reasonably supported the inference that each bag also likely contained a mixture of cocaine. We note in the instant case, there was testimony presented that the two bricks were of approximately the same size and were otherwise similar in appearance to one another. Given the further fact that they were hidden together in a single taped-up Cornflakes box, it would not be an unreasonable inference to make that both bricks contained mixtures of cocaine.
We find the instant case to be distinguishable from Ross.[2] First, in the instant case, only two bags were involved. In Ross, the state tested only two of 92 bags. Second, in the instant case, the two bags appeared to be of the same weight and substance. Third, each was surreptitiously wrapped in a taped-up Corn Flakes box. Finally, even if only one of them did, in fact, by some oddity, contain a mixture involving cocaine, the fact that the two similar-appearing and similar-in-weight packages together weighed 816 grams, was enough for a jury to reasonably find that one of the two rather identical bricks contained at least 400 grams of a substance containing cocaine.
Appellant's conviction and sentence are affirmed.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] The penalty for one found to be in possession of greater than 400 grams but less than 150 kilograms of a mixture containing cocaine includes a fine of $250,000 and a minimum mandatory of 15 years. § 893.135(1)(b)1.c., Fla. Stat. (2000). The penalty for possession of between 200 and 400 grams includes a mandatory minimum of 7 years and a fine of $100,000. § 893.135(1)(b)1.b. The penalty for possession of greater than 28 grams but less than 200 grams includes a fine of $50,000 and a three year minimum mandatory. § 893.135(1)(b)1.a.
[2] Bond involved rock cocaine packaged in 139 plastic bags and in Asmer the state tested one of 1000 pills.