835 So.2d 387 (2003)
Becky Ann SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4709.
District Court of Appeal of Florida, Second District.
January 29, 2003.
Brandon L. Rafool of Brandon J. Rafool, L.L.C., Winter Haven, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Becky Ann Smith appeals her convictions for armed trafficking in amphetamine, possession of cannabis, and possession of paraphernalia. We affirm the trial court's denial of Smith's motion to suppress and the denial of the two requested special jury instructions without comment. However, we reverse the conviction for armed trafficking in amphetamine.
Becky Ann Smith was stopped by law enforcement, and two plastic baggies of suspected methamphetamine were seized. During the investigation, the officer performed a Valtox field test on the contents of each baggie. The tests showed a positive reading for each baggie. The officer, without weighing either of the baggies, then poured the contents of the two into one large bag. The one bag with the suspected drugs was sent to the laboratory for testing; however, the two baggies were not.
At trial, the chemist testified that the bag he received contained a mixture of methamphetamine and other ingredients and that the contents weighed 21.4 grams. The chemist did not testify as to the purity of the mixture, but stated that it did not appear to be "weak." After the State rested its case, Smith moved for a judgment of acquittal on the armed trafficking charge, arguing that the State had failed to prove that she was in possession of the requisite amount of methamphetamine. Specifically, Smith argued that the only evidence presented was the weight of the mixture containing methamphetamine after *388 the officer combined the two baggies. Because the weight and the nature of the contents of the individual baggies were not presented to the jury, the evidence was insufficient to support a conviction on the trafficking charge. Smith maintained that one baggie could have contained less than fourteen grams of methamphetamine or a mixture containing methamphetamine while the other baggie contained a legal substance with no methamphetamine. The subsequent combining of the two by the officer created a mixture containing methamphetamine that weighed more than the fourteen grams required for a trafficking charge. In support of her argument, Smith cited Safford v. State, 708 So.2d 676 (Fla. 2d DCA 1998), wherein the officer combined the contents of forty separate packets of suspected cocaine prior to sending the alleged drugs to the laboratory for testing. This court reversed the conviction of trafficking in cocaine, finding that the failure to perform the laboratory tests on the contents of each packet prior to combining them precluded the use of the combined weight to prove a trafficking amount.
The trial judge below denied Smith's motion, distinguishing Safford by pointing out that there is no mention in that opinion of a Valtox or other presumptive test being performed. Accordingly, the trial court found that since the State had presented evidence of a positive Valtox test on the contents of each of the baggies prior to combining them, Safford did not apply and a prima facie case was made that should be submitted to the jury.
We disagree with the trial court's conclusion that the Valtox test distinguishes Safford from the facts of this case. The evidentiary value of a presumptive test was determined in L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990). In that case, the State's evidence that the suspected contraband was cocaine included the officer's opinion based on his experience and the positive results of the field test. However, because there was no laboratory report nor testimony from a chemist, the Third District reversed the trial court's adjudication of delinquency, finding the evidence insufficient. In this case, the only evidence as to the contents of each of the baggies prior to mixing the two is the field test. The officer admitted he could not distinguish between methamphetamine and other white powdery substances by visual observation. Furthermore, there is no evidence as to the weight of the contents of either baggie.
Accordingly, based on the Third District's reasoning in L.R., we conclude that the field test alone does not make a prima facie case and that, following the Safford decision, the trial court erred in denying Smith's motion for judgment of acquittal on the armed trafficking charge.
The conviction for armed trafficking in methamphetamine is reversed, and this matter is remanded to the trial court with instructions to reduce the subject conviction to armed possession of methamphetamine and to resentence Smith accordingly.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.