881 So.2d 666 (2004)
Corey S. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3496.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*667 James P. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Christ, Jr., Attorney General, Tallahassee, and Kellie Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Corey S. Jackson ["Jackson"] appeals an order revoking his probation, contending the affidavit of violation on which it was based was defective. We agree and reverse.
Jackson pled guilty to misdemeanor possession of cannabis and was given probation. He was later charged with multiple violations. The "Affidavit of Violation" signed by his probation officer set forth the facts constituting the violations, and at the end contained the following statement:
Under penalties of perjury, I declare that I have read the foregoing facts and that the facts stated in it are true to the best of my knowledge and belief.
A warrant was issued based on the affidavit, and Jackson was arrested.
Jackson filed a motion to dismiss, arguing that his arrest was illegal because the charging document had not been sworn to under oath before a person authorized to administer oaths. The court denied the motion to dismiss, and Jackson pled nolo contendere to the violations, reserving his right to appeal.
Jackson contends that it was error to revoke his probation because the charging document was not sworn to under oath before a person authorized to administer oaths, such as a notary public. His argument that the document had to be sworn to before an authorized person is based on the requirement that an "affidavit" must be used to allege a violation. This requirement is set forth in section 948.06(1), Florida Statutes (2002), which states:
Any committing magistrate may issue a warrant, upon the facts being made known to him or her by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control. [emphasis added.]
See also Art. I, § 12, Fla. Const.
By definition, "an affidavit" is a written or printed declaration or statement of facts, made under oath, before a person having authority to administer such oath or affirmation. See Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968).[1] This fact is implicitly recognized in section 92.50, Florida Statute (2002), which sets forth the persons who have the authority to administer "oaths, affidavits, and acknowledgments." They include "any judge, clerk, or deputy clerk of any court of record *668 within this state, including federal courts, or before any United States commissioner or any notary public within this state." Id.
We recognize that the charging document was "verified" pursuant to 92.525, Florida Statutes. However, a charging document "verified" by the probation officer "under penalty of perjury" is not the "affidavit" required by section 948.06(1), Florida Statutes (2002). Both documents would support a prosecution for perjury,[2] but the latter must be sworn to before a person authorized to administer oaths. Accord Op. Att'y Gen. Fla. 95-40 (1995)(document verified under section 92.525 is not affidavit within meaning of section 322.2615(2), if not attested to before an officer authorized to administer oaths). There is a solemnity inherent in requiring a probation officer to attest to a violation before a duly authorized officer which is absent when a written verification is used, which may be the basis for the requirement.[3]
We express no view about whether our state constitution requires an affidavit to commence a revocation of probation proceeding; it is enough that the legislature has seen fit to require it. Because Jackson's arrest was not based on an "affidavit," the order violating his probation is vacated, and the case is remanded to the trial court with instructions to grant his motion to dismiss. The State may again proceed against Jackson by filing a proper affidavit of violation, if it chooses to do so. See Alba v. State, 541 So.2d 747 (Fla. 3d DCA 1989).
ORDER VACATED and REMANDED.
GRIFFIN, THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] Accord Black's Law Dictionary 54 (5th ed.1979)(an "affidavit" is "[a] written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation"); 1 Fla. Jur.2d Acknowledgments, Affidavits, Oaths, and Notaries § 31 (West 1997) ("An affidavit is any voluntary ex parte statement reduced to writing and sworn to or affirmed before some person legally authorized to administer an oath or affirmation. More succinctly, it has been defined as a statement in writing under an oath administered by a duly authorized person.").
[2] See State v. Johnston, 553 So.2d 730 (Fla. 2d DCA 1989) and § 92.525(3), Fla. Stat. (2002).
[3] We do not believe our holding is in conflict with Goines v. State, 691 So.2d 593 (Fla. 1st DCA 1997), in which the appellant sought review of an order revoking her community control. It is unclear from Goines whether the appellant ever specifically argued that the charging document had to be sworn to before a person authorized to administer oaths. The Goines court characterized the argument as one that the charging document had to be sworn to under "oath." It then held that the "affidavit" prepared by the appellant's community control officer and used to support a violation was under "oath" because it contained the "under penalty of perjury" statement set forth in section 92.525, Florida Statutes. A charging document can be under "oath" within the meaning of section 92.525, and still not qualify as an "affidavit" under section 948.06(1).