PER CURIAM.
The appellant, Lee Higgins, appeals his convictions and sentences, raising two issues. We affirm as to the second issue without comment, and affirm as to the first issue for the reasons stated below.
The first issue presented by Higgins challenges his conviction for possession of marijuana less than 20 grams. The State charged Higgins with possession of marijuana with the intent to sell within 1000 feet of a school. The jury found Higgins guilty of the lesser included offense of possession of marijuana under 20 grams.
In the first issue, Higgins alleges the lower court erred by allowing the State to admit testimony concerning a Valtox test[1] of marijuana found in Higgins’s possession. The admissibility of evidence is reviewed under an abuse of discretion standard. See Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001). Based on the entire record and the testimony of the arresting officer, we conclude the trial judge did not abuse his discretion in admitting the evidence. The arresting officer acknowledged that he did not know how the Valtox test worked chemically, but testified that he had sufficient experience conducting the test in the field and had sufficient experience recognizing marijuana.
The cases relied upon by Higgins, and cited by the dissent, are all clearly distinguishable.
In Smith v. State, 835 So.2d 387, 388 (Fla. 2d DCA 2003), our sister court reversed a conviction for armed trafficking in amphetamine because the arresting officer combined two separate bags of substances prior to laboratory testing. A Val-tox test was conducted on each bag, and the results were positive. However, the laboratory test showed the combined substances “contained a mixture of methamphetamine and other ingredients.” Id. The appellate court did not reverse the conviction entirely, but remanded “with instructions to reduce the subject conviction to armed possession of methamphetamine,” seemingly because it was not clear whether individual laboratory tests of the two separate baggies would have resulted in two positive results and a total weight sufficient to convict for trafficking. Id. There is nothing in this opinion which even hints at a conclusion that the Valtox test was unduly prejudicial or caused the jury to be misled as to the contents of the substance.
Futch v. State, 744 So.2d 540 (Fla. 2d DCA 1999), is equally distinguishable. In this case, a white powdery substance was found and three Valtox tests were per *1253 formed by officers at the scene. Id. at 541. Two tests resulted in positive reactions (signifying the presence of methamphetamine) and one test resulted in a negative reaction. Id. Laboratory testing by the Florida Department of Law Enforcement came back negative for any illegal substance. Id. Despite testimony that the laboratory test was the more definitive test than the Valtox test, the jury still convicted the defendant. The second district reversed the conviction, concluding the evidence was insufficient. Id. at 541-42. Again, the appellate court did not address the admissibility of the Valtox test nor its ability to confuse a jury. Instead, the decision of the appellate court was based on the conflicting evidence between the Valtox test and the more definitive laboratory test. The court concluded there was insufficient evidence of the presence of illegal substances, thus the conviction could not stand.
Finally, in L.R. v. State, 557 So.2d 121 (Fla. 3d DCA 1990), the third district reversed an adjudication of delinquency for possession of cocaine based on a lack of sufficient evidence. Id. at 122. The State presented testimony from the arresting officer that he performed a field test, which came back positive, and that the officer recognized the substance as “rock cocaine.” Id. The third district found fault with the failure to introduce any laboratory test or testimony from a chemist. Id. Without such evidence, the appellate court reversed citing “the evidence was insufficient.” Id.
The instant case is sufficiently distinguishable from the above-cited precedent. Unlike Smith, the instant case does not involve the officer combining multiple bags of substances into a single bag. Additionally, unlike Smith, there is no trafficking conviction, so the amount of drugs found is not at issue in this appeal. The instant case is also distinguishable from Futch because there is no evidence or allegation that any laboratory test exists which shows the substance found in Higgins’s possession was anything but marijuana. The instant case is further distinguishable from all three cited cases because the issue on appeal is not based on insufficient evidence as it relates to the possession of marijuana conviction.[2]
Based on the type of objection made by Higgins, the proffer made by the arresting officer, and the experience of the arresting officer in recognizing marijuana,[3] the lower court did not abuse its discretion in admitting evidence of the positive Valtox test for marijuana. The result of the Valtox test was certainly relevant to the charged offense and Higgins has not shown that the probative value of this evidence was “substantially outweighed by the danger of ... misleading the jury.” Jenkins v. State, 719 So.2d 1012, 1013 (Fla. 4th DCA 1998) (citing §§ 90.402, 90.403, Fla. Stat.).
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.
STONE, J., dissents with opinion.

. The Valtox test is a “field reagent test." See Futch v. State, 744 So.2d 540 (Fla. 2d DCA 1999).

. Higgins did move for a judgment of acquittal at the end of the State's case and prior to closing arguments, but the issues raised therein attacked the "intent to sell” and "within 1000 feet of a school” portions of the information. The jury returned a verdict of guilty for simple possession, thus the issues raised in the JOA are moot and have not been raised on appeal.

. The arresting officer testified he had professional experience recognizing the physical properties of marijuana (looks, texture, and odor) and in his experience, the substance found in Higgins’s possession was consistent with these qualities, along with the manner in which it was packaged.