908 So.2d 508 (2005)
Michael Steven RUIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3033.
District Court of Appeal of Florida, Fifth District.
June 17, 2005.
Rehearing Denied August 8, 2005.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
*509 Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Michael Steven Ruiz appeals the trial court's order revoking his probation. He contends that the affidavit, alleging the violation of probation, was fundamentally defective because it was not sworn to before a person authorized to administer oaths. In Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA Apr.29, 2005), this Court recently decided this same issue adversely to the position that Ruiz advocates. Smartmays, while recognizing that the affidavit alleging a violation of probation failed to be properly sworn to, concluded that such non-compliance, while error, was not the type of defect that is considered fundamental, particularly in a revocation of probation context. Consequently, because the issue was not raised in the trial court, it was waived.
Ruiz further contends that there is insufficient evidence that he possessed illegal drugs in violation of his probation. Having carefully considered the entire record, including the testimony of the arresting officer, the field testing done on the contraband, and Ruiz's admissions, we find adequate competent evidence supporting the trial court's conclusion that Ruiz violated his probation. See Higgins v. State, 899 So.2d 1251 (Fla. 4th DCA 2005); Mackerley v. State, 900 So.2d 662 (Fla. 4th DCA 2005). The evidence upon which to predicate the revocation of probation must be sufficient to satisfy the conscience of the court that a condition has been violated. Osta v. State, 880 So.2d 804, 807 (Fla. 5th DCA 2004). That standard was certainly met here.
We do note that the revocation order needs correction to reflect the specific condition of probation that Ruiz violated. Accordingly, we affirm the revocation of Ruiz's probation and the sentence imposed, but remand for the entry of a corrected revocation order detailing the specific condition of probation that Ruiz violated.
AFFIRMED AND REMANDED.
PALMER, J., concurs.
TORPY, J., concurs and concurs specially, with opinion.
TORPY, J., concurring and concurring specially.
I concur in the court's holding but write to express my opinion that the affidavit was not defective. Although the affiant did not take an oath before a notary public or other authorized official, the affidavit was properly verified under penalty of perjury, which is a statutorily permitted "substitute for a notarized oath." State v. Shearer, 628 So.2d 1102 (Fla.1993). Admittedly, the panel decision in Jackson v. State, 881 So.2d 666 (Fla. 5th DCA 2004), holds to the contrary, but I think Jackson was wrongly decided. In Jackson, we held that a "verified" document is not the legal equivalent of a section 948.06(1) "affidavit," because, although it is an oath given under penalty of perjury, it lacks the "solemnity inherent in requiring a probation officer to attest to a violation before a duly authorized officer. . . ." Id. at 668. For the reason stated herein, I conclude otherwise and believe we should recede from Jackson.
Although by common law definition, an "affidavit" is a statement made under oath before an authorized official such as a notary, section 92.525(1)(b), Florida Statutes (2005), "provides that a signed declaration *510 can substitute for a notarized oath." Shearer, 628 So.2d at 1102. That statute provides in pertinent part as follows:
(1) When it is . . . required by law . . . that a document be verified by a person, the verification may be accomplished in the following manner:
(a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; or
(b) By the signing of the written declaration prescribed in subsection (2).
. . . .
(4) As used in this section:
. . . .
(b) The term "document" means any writing including, without limitation, any form, application, claim, notice, tax return, inventory, affidavit, pleading, or paper.
(c) The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.
§ 92.525(1), (4), Fla. Stat. (2005) (emphasis supplied).
Thus, the statute authorizes that the oath or "verification" element of a "document," which includes by definition an "affidavit," may be accomplished by execution before a notary or by signing the specified declaration. By its express terms, this statute applies whenever "verification" (the execution of a "document" under oath) is "required" by law, as it is in section 948.06.
Because the requisite declaration was included in the "affidavit" filed here, the lack of notarization did not render it defective. Goines v. State, 691 So.2d 593 (Fla. 1st DCA 1997);[1]see Shearer (rule 3.987 form of oath requiring notary satisfied by section 92.525 verification); State v. Padilla, 629 So.2d 180 (Fla. 3d DCA 1993) (finding that section 92.525 "verified" document satisfied affidavit requirement of section 322.2615(2), Florida Statutes).
NOTES
[1] In Jackson, we attempted to distinguish Goines. In my view, Goines is on point, correctly decided, and Jackson is in direct conflict with its holding.