905 So.2d 1035 (2005)
Michael Gerard BURLEW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2468.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Michael Burlew raises three issues on appeal. First, Mr. Burlew asserts that the trial court had no jurisdiction to consider whether he violated sex offender probation because the charging affidavit was not sworn to under oath. The failure of a defendant to object to the lack of a properly notarized affidavit of violation, however, waives the error. See McHolder v. State, 902 So.2d 348 (Fla. 5th DCA 2005); Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA 2005) ("such noncompliance, while error, is not the type of defect which has traditionally been considered fundamental, particularly in a probation revocation context"). See also Ruiz v. State, 908 So.2d 508, 2005 WL 1412102 (Fla. 5th DCA June 17, 2005).
Secondly, Burlew contends that the trial court erred by finding several willful and substantial violations of probation. Because a determination that a violation of *1036 probation is willful and substantial will not be overturned on appeal unless the record shows that there is no evidence to support it, however, we reject this argument, as well. See Hill v. State, 890 So.2d 485 (Fla. 5th DCA 2004). See also State v. Meeks, 789 So.2d 982 (Fla.2001). Here, the record is sufficient.
Finally, Burlew maintains that the judge assumed the role of the prosecutor at a hearing on a motion to mitigate sentence, and that he was consequently deprived of a fair and impartial tribunal. Although unobjected to below, Mr. Burlew urges that this is "fundamental error." An order on a motion to mitigate sentence, however, is not an appealable order, and the exercise of discretion by the trial court in considering this motion pursuant to Florida Rule of Criminal Procedure 3.800(c), is not subject to review on appeal. See Wilson v. State, 846 So.2d 1220 (Fla. 5th DCA 2003); Adams v. State, 800 So.2d 741 (Fla. 5th DCA 2001). See also Smith v. State, 902 So.2d 293 (Fla. 3d DCA 2005). If we were to consider this issue on the merits, we would in any event affirm.
AFFIRMED.
SHARP, W. and THOMPSON, JJ., concur.