917 So.2d 409 (2006)
Erick D. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3226.
District Court of Appeal of Florida, Fifth District.
January 6, 2006.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Smith appeals from an order that revoked his probation after he violated the terms of his probation by committing a criminal narcotics offense. His principal point on appeal is that the affidavit of probation filed by his probation officer and approved by her supervisor was not executed before a person authorized to administer *410 an oath attesting to the truth of the facts supporting the allegations. Under the circumstances of this case, we affirm.
The document alleging violation of probation was signed below the following statement:
Under penalties of perjury, I have read the foregoing affidavit and the facts stated in it are true.
This document was "verified,"[1] but did not meet the "affidavit" requirement of section 948.06(1), Florida Statutes. Jackson v. State, 881 So.2d 666 (Fla. 5th DCA 2004), modified by Crain v. State, 914 So.2d 1015 (Fla. 5th DCA 2005).
However, unlike Jackson, in this case the error was not preserved. The evidentiary proceeding unfolded without any objection to the charging document and Smith's violation of probation was clearly established by sworn testimony. We have held that this is not fundamental error. Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA 2005). See also Ruiz v. State, 908 So.2d 508 (Fla. 5th DCA 2005).
AFFIRMED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] § 92.525, Fla. Stat. (2004).