LaROSE, Judge.
 

 Charles Lindsey Purvis appeals the summary denial of his postconviction motion focusing on his conviction for trafficking in cocaine by possession of more than 400 grams.
 
 [1]
 

 See
 
 Fla. R.Crim. P. 3.850; § 893.135(l)(b)(l)(c), Fla. Stat. (2001). We affirm, without further comment, the post-conviction court’s denial of his claim that trial counsel was ineffective for failing to move to suppress evidence found at Mr. Purvis’s residence pursuant to a search warrant. However, the record before the postconviction court did not conclusively refute Mr. Purvis’s claim that his trial counsel was ineffective for not objecting to the commingling of the contents of packages of suspected cocaine to establish a trafficking weight of over 400 grams.
 
 [2]
 
 Consequently, we are compelled to reverse as to this claim and remand for further proceedings before the postconviction court.
 

 When law enforcement officers searched Mr. Purvis’s residence, they found a cell phone box containing twenty-seven small packets of what they assumed was cocaine, a bag of rock-like substance in a sock, a small amount of bagged white powder in a cooler, and a large bag of benzocaine, which is not a controlled substance. A Florida Department of Law Enforcement chemist separately tested the contents of the sock and the cooler. The contents were cocaine and weighed a total of 10.78 grams.
 

 The chemist weighed the contents of the bags from the cell phone box by emptying them into a weighing boat, four to seven bags at a time in five weighings. She tested each commingled pile and concluded that each contained cocaine. Her report reflects that the weights of the five piles match, with slight variation, the weights recorded in State’s exhibits 11A-E.
 
 [3]
 
 The
 
 *736
 
 total weight of the bags from the cell phone box exceeded 600 grams.
 

 On direct appeal, Mr. Purvis argued that the commingling of the contents of individual bags barred his conviction because there was insufficient proof of weight or identification of the contents. Unfortunately for Mr. Purvis, this issue was not preserved. We affirmed Mr. Purvis’s convictions and sentences, per curiam.
 
 Purvis v. State,
 
 969 So.2d 380 (Fla. 2d DCA 2007) (table decision).
 

 In his motion for postconviction relief, Mr. Purvis claimed that trial counsel was ineffective for failing to object. The post-conviction court summarily denied this claim. It found that “the record indicates that at least with respect to Exhibits 11 A, 11B, 11C, and 11D, ... the State’s chemist weighed and tested each package separately [and] the sum of these four packages of cocaine exceeded 400-grams.... ” This conclusion conflicts with the chemist’s testimony and report. It appears that the weights reflected in State exhibits 11A, B, C, and D correspond with the chemist’s exhibits 3d, b, a, and c. However, each exhibit apparently consisted of commingled contents from other bags in the grouping, and the chemist did not test the contents of each of the four to seven individual bags before pouring them into the weighing boat.
 

 In
 
 Sheridan v. State,
 
 850 So.2d 638 (Fla. 2d DCA 2003), we held that the evidence was insufficient to prove a trafficking weight of powdered methamphetamine where two bags of white substance were combined before testing and weighing.
 
 Id.
 
 at 640 (citing
 
 Safford v. State,
 
 708 So.2d 676, 677 (Fla. 2d DCA 1998));
 
 see also Campbell v. State,
 
 563 So.2d 202, 202 (Fla. 3d DCA 1990) (reversing trafficking conviction where chemist tested contents of only one or two capsules found in change purse and suspected to contain heroin);
 
 State v. Clark,
 
 538 So.2d 500, 501 (Fla. 3d DCA 1989) (affirming trial court’s ruling that State violated defendants’ due process rights by commingling powdery contents of tested capsules with contents of untested capsules prior to weighing). Many white powdery substances, including the large bag of benzocaine found in Mr. Pur-vis’s home, can resemble cocaine. See
 
 Safford,
 
 708 So.2d at 677. “[V]isual examination of untested packets ... is insufficient to convict because the white powder contained therein may be milk sugar or any one of the vast variety of other white powdery chemical compounds not containing cocaine.”
 
 Ross v. State, 528
 
 So.2d 1237, 1239 (Fla. 3d DCA 1988) (requiring testing of contents of each package before commingling to obtain aggregate weight).
 

 Lyons v. State,
 
 807 So.2d 709 (Fla. 5th DCA 2002), on which the State relied below, does not command a different result. There, the chemist commingled two bricks of suspected cocaine before weighing and testing the entire substance.
 
 Id.
 
 at 710. The appellant argued that “because of the commingling, there was no way for the jury to reasonably conclude that one of the bags contained at least 400 grams of a substance containing cocaine.”
 
 Id.
 
 The Fifth District held that
 

 even if only one of them did, in fact, by some oddity, contain a mixture involving cocaine, the fact that the two similar-appearing and similar-in-weight packages together weighed 816 grams, was
 
 *737
 
 enough for a jury to reasonably find that one of the two rather identical bricks contained at least 400 grams of a substance containing cocaine.
 

 Id.
 
 at 711.
 

 Here, although logic and the testing establish that the contents of at least one bag in each of five commingled piles contained cocaine, neither logic nor testing establishes that all commingled bags in each pile contained cocaine.
 
 See Sheridan,
 
 850 So.2d at 642 (Casanueva, J., concurring). “While it may be more likely than not that the [other bags] also contained [cocaine], there is no evidence from which that assumption may be reached.”
 
 Id.
 

 Our record reflects that Mr. Purvis possessed 10.78 grams of cocaine found in the sock and the cooler plus the contents of five of the twenty-five to twenty-six bags from the cell phone box. Unlike the packages in
 
 Lyons,
 
 the bags here were not identical in size and weight. The average weight of the bags’ contents making up each pile ranged from 13.47 to 27.72 grams. Thus, as Mr. Purvis argues, it appears that there was insufficient evidence to support his conviction.
 
 See Safford,
 
 708 So.2d at 677;
 
 Nguyen v. State,
 
 858 So.2d 1259, 1260 (Fla. 1st DCA 2003). The materials upon which the postconviction court relied do not conclusively refute Mr. Purvis’s claim that trial counsel was ineffective by failing to object.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We reverse the denial of this claim and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WALLACE, JJ., Concur.
 

 [1]
 

 . The mandatory minimum prison sentence for trafficking in cocaine by possession of 400 grams or more, but less than 150 kilograms, is 15 years; 7 years for possession of 200 grams or more, but less than 400; and 3 years for possession of 28 grams or more, but less than 200. § 893.135(l)(b)(l)(a), (b), (c). Possession of less than twenty-eight grams cocaine is a third-degree felony punishable by up to five years in prison. §§ 893.13(6)(a), 775.082(3)(d), Fla. Stat. (2001).
 

 [2]
 

 . The State did not file an answer brief.
 

 [3]
 

 .
 

 Chemist's Report State's Exhibits
 

 3a, 4 sealed bags, 109.88 grams 11C, 109.88 grams
 

 
 *736
 
 3b, 5 sealed bags, 136.45 grains 11B, 136.45 grams
 

 3c, 7 sealed bags, 190.57 grams IID, 190.57 grams
 

 3d, 5 sealed bags, 67.35 grams 11 A, 67.35 grams
 

 3e, 6 sealed bags, 97.02 grams IIE, 100.55 grams
 

 TOTAL 601.27 grams 604.80 grams