CRENSHAW, Judge.
Chontell Mosley appeals his judgment and sentence of three years’ prison for trafficking in cocaine. Mosley argues, among other issues, that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove that he possessed the requisite amount of cocaine for trafficking under section 893.135(1)(b)(1), Florida Statutes (2009). We affirm and write to discuss the sufficiency of the evidence based upon this court’s holding in Sheridan v. State, 850 So.2d 638 (Fla. 2d DCA 2003).

Background

Mosley was arrested and charged with trafficking in cocaine following a drug transaction with a confidential informant in October 2009. At trial, a detective from the Pinellas County Sheriffs Office testified that the evidence recovered consisted of a plastic shopping bag containing two smaller single-ounce baggies. Each single-ounce baggie contained suspected powder cocaine. The detective stated that he conducted a presumptive test on samples from each baggie, and both samples tested positive for cocaine. At that point, the baggie contents were combined into one unit and sent to a lab for testing.
A chemist from the Pinellas County Forensic Laboratory testified that he tested the unit of combined substance, and it weighed 55.3 grams and contained cocaine. He also tested the two single-ounce baggies individually, and both baggies contained cocaine.
Defense counsel’s motion for judgment of acquittal was based in part on the State’s failure to establish that Mosley sold the requisite amount of cocaine to support a trafficking conviction. Specifically, defense counsel argued that the State failed to prove that the substances in both baggies consisted of cocaine before they were commingled. The trial court denied Mosley’s motion for judgment of acquittal, and Mosley was found guilty by jury of trafficking in cocaine and sentenced to three years’ prison.

Analysis

We review de novo the trial court’s ruling on a motion for judgment of acquittal. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id. Under section 893.135(1)(b)(1), “[a]ny person who knowingly sells ... 28 grams or more of cocaine ... or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture” commits the first-degree felony of trafficking in cocaine. Therefore, to support a conviction for trafficking, the State is required to prove that the alleged substance is cocaine and that it meets the statutory trafficking weight.
In arguing that the State failed to prove that Mosley sold the requisite amount of cocaine to support a trafficking conviction, Mosley relies in part upon this court’s decision in Sheridan v. State, 850 So.2d 638 (Fla. 2d DCA 2003). In Sheridan, this court concluded that the evidence was legally insufficient to prove the requisite weight for trafficking in methamphetamine where the alleged drugs were commingled *1216 and weighed, but not individually tested. There, two baggies were seized from an automobile and the contents were commingled into one baggie for testing. Id. at 639. The State’s expert chemist testified that he tested the identity and weight of the baggie identified as State’s exhibit two, but this court noted, “[ijmportantly, the witness also testified that a baggie identified as State’s exhibit number one had not been provided to him for examination.” Id. (emphasis added). In concluding that the State failed to present sufficient evidence of weight, this court stated the following rationale:
The substance found by the detective was a powdery material, according to State testimony, similar in appearance to other noncontrolled substances, such as vitamin powder or flour. Therefore, the contents of each baggie should have been tested separately, and, if found to be the same controlled substance, the weights combined. As the State bears the burden of proof as to the amount, it is inappropriate to permit the State to commingle, albeit negligently, the contents without testing and then assert that the contents of each baggie when aggregated meet the trafficking quantity, all without providing the defense with an opportunity to test the alleged drugs. The State’s procedure created an assumption as to the amount without the necessary proof. Thus, the evidence of trafficking was legally insufficient and should not have gone to the jury.
Id. at 640 (emphasis added and footnote omitted).[1]
To reach its conclusion in Sheridan, this court relied on its prior decision in Safford v. State, 708 So.2d 676, 677 (Fla. 2d DCA 1998), wherein it held that “the chemist’s failure to test each individual packet [of suspected powder cocaine] before the contents were combined and weighed mandates reversal.” And both Sheridan and Safford rely on the the Third District’s decision in Ross v. State, 528 So.2d 1237, 1239 (Fla. 3d DCA 1988), wherein it held that the State must “establish that each of the subject packets contains [powder] cocaine or a mixture thereof which in the aggregate satisfies the ... statutory weight.”
Notwithstanding the decisions in Sheridan, Safford, and Ross, we conclude based on the unique circumstances of this case that the State presented sufficient evidence of the requisite statutory weight for trafficking. The State’s expert chemist not only testified that the aggregate substance weighed 55.3 grams and contained cocaine, he also testified that he tested each individual empty baggie, and each contained traces of cocaine. See Sheridan, 850 So.2d at 642 (Casanueva, J. concurring) (stating that “[t]he weight is properly aggregated when each separate bag is found to contain methamphetamine or a mixture of the drug”). Accordingly, from this evidence, viewed in a light most favorable to the State, a jury may reasonably infer that the individual substances constituted cocaine and the aggregate weight of the substances met the requisite weight to support a trafficking conviction. Still, despite our conclusion that the State established a prima facie case for trafficking, we caution that the better practice is to first test the substance of each bag before commingling.
For the above-stated reasons, we conclude that the State presented sufficient *1217 evidence that the alleged substance sold by Mosley was cocaine and that it met the statutory trafficking weight under section 893.135(1)(b)(1). Accordingly, we affirm Mosley’s judgment and sentence.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.

. This court also noted that a positive presumptive test prior to commingling would be insufficient to establish evidence of trafficking. See id. at n. 1. See also Smith v. State, 835 So.2d 387 (Fla. 2d DCA 2003) (concluding "that the field test alone does not make a prima facie case” for trafficking).