IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BARON GREENWADE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D10-4330

_____/

Opinion filed September 12, 2014.

An appeal from the Circuit Court for Duval County.
David M. Gooding, Judge.

Nancy A. Daniels, Public Defender, and M. Gene Stephens, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Therese A. Savona, Assistant Attorney General, Tallahassee, for Appellee.

## ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

In *Greenwade v. State*, 80 So. 3d 371 (Fla. 1st DCA 2012), we affirmed

Appellant's conviction, after a guilty verdict, for trafficking in cocaine in an amount

more than 200 grams but less than 400 grams. The sole issue on appeal was whether the trial court should have granted Appellant's motion for judgment of acquittal on the trafficking charge because the state combined the contents of nine small bags of cocaine found in Appellant's possession before lab testing and weighing the mixture instead of lab testing each bag for cocaine before commingling and weighing their contents. Because the State had field tested each bag, each tested positive for cocaine, and there was other circumstantial evidence of cocaine trafficking, we held there was sufficient evidence to sustain the trafficking conviction. We also certified conflict with *Ross v. State*, 528 So. 2d 1237 (Fla. 3d DCA 1988), *Safford v. State*, 708 So. 2d 676 (Fla. 2d DCA 1998), and *Sheridan v. State*, 850 So. 2d 638 (Fla. 2d DCA 2003).

Subsequently, in *Greenwade v. State*, 124 So. 3d 215 (Fla. 2013), the Florida Supreme Court quashed our decision, and remanded with instructions that Appellant's conviction be reduced to simple possession and that he be resentenced accordingly. Therefore, we reverse Appellant's conviction and sentence for trafficking in cocaine in an amount more than 200 grams but less than 400 grams, reduce the conviction to possession of a controlled substance, see section 893.13(6)(a), Florida Statutes (2008), and remand to the trial court for resentencing.

REVERSED and REMANDED.

WETHERELL, MARSTILLER, and SWANSON, JJ., CONCUR.