764 So.2d 752 (2000)
Gerald PROCTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2683.
District Court of Appeal of Florida, Second District.
July 7, 2000.
James Marion Moorman, Public Defender, and Richard P. Albertine Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
Gerald Proctor, the former husband of Angela Maria Proctor, appeals the trial court's order adjudicating him in criminal contempt of court and sentencing him to sixty days' incarceration in the county jail. We reverse.
The instant proceeding began with a motion for order to show cause filed by Angela Proctor's attorney. The motion was not sworn to by Angela Proctor or any other person having knowledge of the facts. The motion was one of several filed *753 by Angela Proctor's attorney alleging that although Gerald Proctor had the ability to pay alimony, attorney fees, and show proof of life insurance naming Angela Proctor as beneficiary, he refused to do so. The motion contained the following request:
That the Petitioner/Former Wife, ANGELA MARIA PROCTOR, requests that the Respondent/Former Husband be found in contempt and incarcerated with the ability to purge his contempt by payment of all amounts owed ($8,38.11 [sic] for alimony and $1,232.70 for attorney's fees and costs) and by providing proof of change on his life insurance policy naming the Former Wife as a joint beneficiary per the last order entered on September 28, 1998.
The court issued an order to show cause which was expressly predicated upon the wife's motion for order to show cause. The order contained an admonition that if the husband did not appear at the hearing he might be sentenced in open court to "a fine and imprisonment in the County Jail of Hillsborough County, Florida, not to exceed one-hundred eighty (180) days."
Gerald Proctor was at that time unemployed and was later determined by a Hillsborough County judge to be indigent. A public defender was appointed to represent him. Gerald Proctor's attorney failed to object that the entire proceeding was based on an unsworn request to hold Gerald Proctor in civil contempt.
Ultimately, the court found that Gerald Proctor was in willful contempt of previous court orders at a time when he had the ability to meet his obligations. The order concluded with an imposed sentence of incarceration with no purge amount.
This entire proceeding was predicated upon rule 3.840(a), Florida Rules of Criminal Procedure, which requires an affidavit "of any person having knowledge of the facts" as a basis for an order directing a respondent to show cause why he or she should not be held in contempt of court. The order may also be issued on the judge's own motion; however, this circumstance did not apply to these proceedings.
The state argued that the unsworn motion does not rise to the level of fundamental error and the issue was therefore waived. We disagree. In Baker v. Green, 732 So.2d 6 (Fla. 4th DCA 1999), the court held:
An indirect criminal contempt proceeding must comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840. See Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). In this case there was no sworn affidavit or testimony to support the trial court's issuance of the order to show cause. If the order does not issue on the judge's own motion, Rule 3.840(a) provides that an order to show cause may issue "on affidavit of any person having knowledge of the facts." Where there is no affidavit or sworn testimony to support the issuance of an order to show cause, the failure to comply with the rule is fundamental error and a contempt order arising out of that proceeding may not stand.
Id. at 7. See also Lindman v. Ellis, 658 So.2d 632 (Fla. 2d DCA 1995) (holding that an order of indirect criminal contempt was legally insufficient because the order to show cause was based on an unsworn motion for the purpose of setting forth the allegations).
Accordingly, we are compelled to reverse this order of criminal contempt.
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., Concur.