901 So.2d 278 (2005)
Terrence A. SMARTMAYS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1990.
District Court of Appeal of Florida, Fifth District.
April 29, 2005.
*279 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant appeals from his judgment and sentence entered pursuant to the revocation of his probation. He raises two points. First he asserts that the affidavit alleging violation of probation was fundamentally defective because it was not sworn to before a person authorized to administer oaths under section 92.50, Florida Statutes. Second, the defendant argues that revocation of his probation based upon commission of a new offense was error because the State failed to allege that the offense was committed after he was placed on probation.
Neither point was raised in the trial court and the defendant urges that each constitutes fundamental error. We decline the defendant's entreaty to label these errors as fundamental and accordingly affirm.
The defendant's probation officer signed the charging document under the statement: "Under penalties of perjury, I declare that I have read the foregoing affidavit and the facts stated in it are true." The charging document was not sworn to before a person authorized to administer oaths. In Jackson v. State, 881 So.2d 666 (Fla. 5th DCA 2004), this Court held that section 948.06(1)(b), Florida Statutes, requires that an affidavit form the basis for a charge of violation of probation and that a defect such as that involved in the instant case, where raised by motion to dismiss, constitutes reversible error. Such defect, however, does not rise to the level of fundamental error.
*280 A criminal information, which enjoys constitutional recognition,[1] has been held to be fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy. State v. Burnette, 881 So.2d 693 (Fla. 1st DCA 2004). Technical defects must typically be raised at or before trial in order to be cognizable on appeal. See Ford v. State, 802 So.2d 1121, 1130 (Fla.2001); State v. Tamvakis, 459 So.2d 371 (Fla. 5th DCA 1984).
Defects in a violation of probation charging document have traditionally been scrutinized by a lesser standard with the overarching consideration being protection of the probationer's minimal due process rights. See Langbaum v. State, 799 So.2d 391 (Fla. 4th DCA 2001). Fundamental error, however, has been held to exist where a violation of probation affidavit is not served upon the defendant, Davis v. State, 891 So.2d 1186 (Fla. 4th DCA 2005), or where the affidavit fails to adequately provide notice of the charge forming the basis for revocation. Ray v. State, 855 So.2d 1260 (Fla. 4th DCA 2003).[2]
The error here is not in the substance of the charging document which alleges specific conduct constituting a violation of probation. Rather, the error involves a failure to comport with a provision of section 948.06(1), Florida Statutes. Such non-compliance, while error, is not the type of defect which has traditionally been considered fundamental, particularly in a probation revocation context.
Likewise, an error in a date contained in the affidavit did not render the charging document fundamentally defective. The affidavit alleges that the criminal conduct forming the basis for revocation occurred on March 26, 2003, or before September 22, 2003, when the defendant was placed on probation. No challenge to this date was raised below and at the revocation hearing, the defendant himself confirmed that he had been arrested on the charge in March of 2004. Having failed to assert this typographical error below, the defendant has waived the objection.
Finding no fundamental error, the revocation of the defendant's probation and the judgment and sentence entered pursuant thereto are affirmed.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Art. 1 § 15, Fla. Const.
[2] The two decisions relied upon by the defendant, Hagan v. State, 853 So.2d 595 (Fla. 5th DCA 2003) and Proctor v. State, 764 So.2d 752 (Fla. 2d DCA 2000), are distinguishable because they are not probation revocation proceedings but involved criminal contempt proceedings.