919 So.2d 557 (2005)
Arthur Lee FELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4166.
District Court of Appeal of Florida, Fifth District.
December 30, 2005.
*558 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Arthur Lee Felton appeals the revocation of his sex offender probation following a finding that he violated four conditions of probation, contending that the failure of the charging affidavit of violation of probation to be sworn to before a person authorized to administer oaths constitutes fundamental error. We disagree and affirm.
On 20 April 2001, Felton was charged by information for sexual battery on a child less than 12 years of age by a person over the age of 18 years in familial authority. Felton entered a plea agreement on 8 April 2002, in which he pled and was adjudicated guilty of lewd and lascivious molestation of a victim less than 12 years of age. On 11 April 2002, the court sentenced Felton to 15 years' imprisonment with the first three to be served immediately, with credit for time served, and ordered the remaining 12 years suspended while he complied with the terms of his probation. Felton was placed on sex offender probation for the ten years following completion of his three-year sentence.
On 30 December 2003, a probation officer filed an affidavit of violation of sex offender probation. Felton was arrested away from his residence for possession of marijuana on 26 December 2003 at 10:44 p.m., violating two conditions of his probation: (1) that he not violate any law and (2) that he comply with a mandatory curfew from 10:00 p.m. to 6:00 a.m. The affidavit was signed "[u]nder penalties of perjury," but was not sworn to before an official authorized to administer oaths. A warrant was subsequently issued for Felton's arrest, but was dismissed on 5 May 2004.
A new affidavit for violation of sex offender probation was filed on 1 July 2004 and was signed "[u]nder penalties of perjury," but not sworn to before a person authorized to administer oaths. The warrant issuing from this affidavit listed six violations of the conditions of Felton's probation. Felton had not paid the costs of his supervision, failed three times to comply with his probation officer's order to register with the Division of Motor Vehicles, and violated two conditions by being arrested outside his home at 3:24 a.m. on 26 June 2004 for giving false information to a police officer.
In testimony before the court, Felton admitted he broke curfew, but stated that he had no bad intentions. The court found that Felton violated four conditions as alleged in the warrant and revoked sex offender probation on 16 November 2004. Felton was sentenced to the remaining 12 years' imprisonment with credit for time served. On appeal, Felton alleges that the charging affidavit was defective because it was not sworn to before a person authorized to administer oaths. This argument was not presented to the court below.
Nevertheless, Felton argues that the sufficiency of the charging affidavit is fundamental, and analogizes to criminal contempt proceedings or cases where probation was revoked for conduct not charged or never reduced to writing. However, his argument is unavailing. Our decision in Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA 2005), is dispositive. There, we held that the failure of the charging affidavit to be sworn to before a *559 person authorized to administer oaths is a technical defect that does not rise to the level of fundamental error.[1]Id. at 279.
A criminal information is fundamentally defective "only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." Id. at 280 (citing State v. Burnette, 881 So.2d 693 (Fla. 1st DCA 2004)). In contrast, mere technical defects must be raised below to be considered on appeal. Id. (citing Ford v. State, 802 So.2d 1121, 1130 (Fla.2001)). This is not a case in which the violation of probation affidavit was never served on Felton, or where the affidavit did not provide adequate notice of the charge forming the basis for revocation. See id.
The error is not in the substance of the charging affidavit, but rather "involves a failure to comport with a provision of section 948.06(1), Florida Statutes [(2004)]. Such non-compliance, while error, is not the type of defect which has traditionally been considered fundamental, particularly in a probation revocation context." Smartmays, 901 So.2d at 280.
Accordingly, we find no fundamental error and AFFIRM.
TORPY and PALMER, JJ., concur.
NOTES
[1] We note that, even had Felton preserved the issue of his arrest warrant's validity, the technically defective affidavit may not have mandated reversal. We have recently clarified that the good faith exception may apply to arrest warrants based upon affidavits not sworn to before people authorized to administer oaths. Crain v. State, 914 So.2d 1015 (Fla. 5th DCA 2005) (en banc). A reasonably trained officer would not have known the affidavit here was improper despite the judge's signature. See id. The affidavit did not contain false or misleading information, exclude relevant information negating probable cause, or imply any form of police misconduct or bad faith in securing the warrant. See id. The good faith exception would have applied, and the trial court would have erred by dismissing the warrant based upon Felton's argument that the affidavits were invalid. See id. At any rate, under Smartmays, Felton's failure to object to the charging affidavit's validity below is dispositive.