PER CURIAM.
 

 Lee Enrique Garcia appeals the trial court’s order revoking his probation and sentencing him to fifty-four months in prison, concurrent, for his two earlier convictions of grand theft third degree. The trial court verbally announced that Garcia violated condition 13 of his probation, which prohibited him from “associating with persons engaged in criminal activity.” This violation was alleged in the affidavit of violation and the evidence supports the trial court’s finding. Accordingly, we affirm as to this violation without further discussion. The trial court also announced that Garcia violated his probation by possessing a firearm during the episode on which the State based the condition 13 violation. Although the State’s evidence supported this finding, we must reverse as to this •violation because it was not alleged
 
 *824
 
 in the affidavit.
 
 [1]
 

 See, e.g., Lynn v. State, 2
 
 So.3d 1088 (Fla. 5th DCA 2009) (“Revoking probation for conduct not charged is fundamental error.”) (citation omitted). On remand, the trial court is directed to clarify in its violation order that the revocation of Garcia’s probation is based solely upon Garcia’s violation of condition 13.
 

 We affirm the revocation in this case because it is clear from our review of the record that the trial court would have revoked Garcia’s probation based solely upon its finding that Garcia violated condition 13 of his probation.
 
 See id.
 
 We affirm the sentences for the same reason. Although Garcia argues that the trial judge improperly considered his possession of a firearm when exercising her sentencing discretion, we find that it was appropriate for the judge to consider the evidence of Garcia’s firearm possession as a sentencing factor in this case. As explained in
 
 Rogers v. State,
 
 963 So.2d 328 (Fla. 2d DCA 2007):
 

 In a charging instrument, it is only necessary under the reasoning suggested by
 
 Apprendi [v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] that “the charged facts” make defendants “aware of the ‘heaviest punishment’ they face if convicted.”
 
 Harris [v. United States],
 
 536 U.S. [545,] 562, 122 S.Ct. 2406 [153 L.Ed.2d 524 (2002) ] (quoting Bishop, Criminal Procedure § 85, at 54). In imposing sentences, judges may consider “uncharged ‘aggravating circumstances’ that, while increasing the defendant’s punishment, have not ‘swell[ed] the penalty above what the law has provided for the acts charged.’ ”
 
 Id.
 

 Id.
 
 at 335 (footnote omitted). The State could not use Garcia’s possession of a firearm as an independent basis for revoking Garcia’s probation because it was not alleged as a basis for revocation in the affidavit. However, the trial court was still permitted to consider Garcia’s possession of the firearm as an “uncharged aggravating circumstance” when imposing a sentence within the range permitted by law based upon the condition 13 violation.
 

 AFFIRMED; REMANDED WITH DIRECTIONS.
 

 PALMER, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . Condition 4 of Garcia’s probation prohibited him from possessing, carrying or owning any weapon or firearm without the prior consent of his probation officer. The affidavit did not allege a violation of condition 4. Nor did the affidavit allege that Garcia's possession of the firearm violated condition 5 of his probation — which required Garcia to "live and remain at liberty without violating any law.”