ALTENBERND, Judge.
Nancy Diane Chadwick filed a petition for writ of habeas corpus seeking immediate release from an order of probation. On May 15, 2012, we denied her petition by order, promising to explain the reasons for the denial in a later opinion. This is the promised opinion. We hold that a criminal report affidavit may serve as an affidavit alleging a violation of probation sufficient to toll a term of probation so long as its factual content is sufficient to fulfill this function. We further hold that a technical deficiency in an affidavit of violation of probation can be cured by amendment, allowing the original affidavit to toll the term of probation from the time it was originally filed.
Ms. Chadwick was arrested in July 2009 for battery on a law enforcement officer and violation of an injunction against repeat violence. She pleaded guilty to these offenses, but the trial court withheld adjudication of guilt. The trial court placed her on eighteen months’ probation for the battery and imposed a shorter term of probation for the other offense. The period of probation commenced on April 22, 2010, and, thus, was scheduled to expire on October 21, 2011. A special condition of probation required that Ms. Chadwick not file a proceeding seeking an injunction against anyone without prior court authorization.
On August 24, 2011, Ms. Chadwick apparently filed an unauthorized proceeding to obtain an injunction against someone. As a result, her probation officer arrested her on October 18, 2011, for violating this condition of her probation. The officer filed a criminal report affidavit/notice to appear (CRA/NTA) on October 19, 2011. The officer also prepared a standard affidavit of violation of probation (VOP) on October 19, 2011, but did not file that document until October 25, 2011.
In this petition, Ms. Chadwick maintains that the CRA/NTA filed on October 19 was insufficient to toll her period of probation. Because the VOP affidavit did not reach the court file until October 25, she claims that her period of probation expired on October 21, and the trial court lost jurisdiction to impose an extended term of probation. See Belt v. State, 748 So.2d 386, 388 (Fla. 5th DCA 2000) (holding that a trial court is without jurisdiction to revoke a defendant’s probation when the affi *829 davit of violation is not filed until after the term of probation has expired).
Ms. Chadwick did not present this jurisdictional argument to the trial court at the VOP hearing. The trial court found that she had violated her probation and entered a new order of modification of probation that extended the probationary period for another eighteen months. Now Ms. Chadwick wants this court to grant her petition for writ of habeas corpus as a method to vacate the current order of probation and free her from this sentence. This is an appropriate use of the writ. See Adams v. State, 900 So.2d 598, 598 (Fla. 2d DCA 2004) (holding that a petition for writ of habeas corpus is appropriate to challenge the legality of supervised release and, by extension, continuation of probation).
Ms. Chadwick is correct that her period of probation did not toll until the State filed an affidavit alleging a violation. The relevant statute governing tolling of a probationary period provides:
Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation.
§ 948.06(1)®, Fla. Stat. (2011). A prior version of this statute required both the filing of a VOP affidavit and the issuance of an arrest warrant for execution to toll the probationary period. See Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005); Jones v. State, 964 So.2d 167, 170 (Fla. 5th DCA 2007). Under the amended version, the “issuance of the warrant is no longer a necessary requirement to start the violation process if a warrantless arrest was made or a notice to appear was issued.” Gonzalez-Ramos v. State, 46 So.3d 67, 68 n. 1 (Fla. 5th DCA 2010).[1]
The first issue in this case is whether a CRA/NTA may constitute the “affidavit alleging a violation of probation or community control” that serves to toll the original term of probation. We conclude that, as long as the CRA/NTA contains the factual allegations necessary to fulfill the function of an affidavit alleging a violation of probation or community control, the CRA/NTA can be sufficient to toll the term of probation.
In this case, a probation officer arrested Ms. Chadwick. As a result, the form CRA/NTA was filled out by an officer focusing on a violation of probation. Thus, the facts in the sworn criminal report affidavit state:
Violation of Special Condition (25) to wit, on 4/22/10, the offender was court ordered to not file any injunctions against anyone without prior court authorization. On 10/18/11, the offender reported to the Probation Officer of an injunction that she filed on 8/24/11 without court authorization.
This factual statement is the essence of an affidavit alleging a violation of probation. The statute does not require the affidavit to be titled “Affidavit in Violation of Probation.” It merely requires that a sufficient affidavit be filed. We conclude that the factual content of this affidavit fulfilled the statute and was sufficient to satisfy the second prong of the statutory requirements to toll Ms. Chadwick’s term of probation.
But our analysis cannot end at this comfortable point. Although the VOP affi *830 davit that was prepared on October 19 and filed on October 25 was apparently proper in all respects, the CRA/NTA had several deficiencies. The standard form recites that the factual allegations are “correct to the best of my knowledge.” In the blanks provided under the capitalized words “SWORN TO AND SUBSCRIBED BEFORE ME,” the oath contains the signature of a person but no notary stamp or other indication that the person was authorized to administer oaths or attest to signatures. However, we note that the person who witnessed the CRA/NTA as a notary is the same person who properly notarized the VOP affidavit.
Thus, the question here is whether these errors rendered the CRA/NTA so defective that it did not serve to toll the term of probation. We conclude that the CRA/ NTA, despite its irregularities, was sufficient to toll the term.
An affidavit of VOP, like a criminal information, is “fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.” Smartmays v. State, 901 So.2d 278, 280 (Fla. 5th DCA 2005) (citing State v. Burnette, 881 So.2d 693 (Fla. 1st DCA 2004)). In Smartmays, the affidavit of VOP was not signed before a person authorized to administer oaths. Because “[t]echnical defects must typically be raised at or before trial in order to be cognizable on appeal,” the Fifth District held that, in the context of a direct appeal, a defect in the affidavit may constitute reversible but not fundamental error.[2] Smartmays, 901 So.2d at 280. Furthermore, “[djefects in a violation of probation charging document have traditionally been scrutinized by a lesser standard with the overarching consideration being protection of the probationer’s minimal due process rights.” Id. The Fifth District concluded that any error in Smartmays involved noncompliance with a provision of the pre-amendment version of section 948.06(1). “Such non-compliance, while error, is not the type of defect which has traditionally been considered fundamental, particularly in a probation revocation context.” Id.
Similarly, in Smith v. State, 917 So.2d 409, 410 (Fla. 5th DCA 2006), the problem was that the VOP affidavit, although verified, did not meet the formal requisites of section 948.06(1). No objection to the charging document was interposed at the evidentiary hearing, and the appellate court reiterated its opinion that such an error was not fundamental. But in contrast, lack of subject matter jurisdiction is fundamental error that does not require an objection at trial for preservation. See Solomon v. State, 341 So.2d 537, 538 (Fla. 2d DCA 1977) (“[T]he order which placed appellant on probation was void for lack of jurisdiction, and this is fundamental error even if not raised at the trial court.”). By extension, then, the Fifth District cases at least imply that technical defects in the charging affidavit would not, standing alone, invalidate the tolling of the probationary term so as to deprive the circuit court of jurisdiction.
In this case, we have examined documents prepared and filed by a probation officer, not a trained, licensed attorney. But even when seasoned attorneys file documents in haste to satisfy a critical time deadline, we recognize that amendment may be required to fulfill the technical requirements of the law. See Fla. R.App. *831 P. 9.040(d) (“At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits.”). Here, any technical deficiencies in the affidavit filed on October 19 were cured by the affidavit filed on October 25. The second affidavit may not have been filed as an “amended affidavit,” but we conclude that it served that purpose. Just as jurisdiction in this court can be achieved by a lawyer’s timely but defective notice of appeal that is later cured by amendment, see Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78, 80 (Fla.1972) (“We have consistently held that a notice of appeal is sufficient if it gives the Appellate Court and the adverse party information adequate to identify in the record the judgment intended to be appealed.”); Cobb v. St. Joseph’s Hosp., Inc., 550 So.2d 1, 2 (Fla. 2d DCA 1989) (observing that technical defects in a timely notice of appeal that do not mislead or prejudice parties do not require dismissal and may be cured by amendment), we conclude that this probation officer achieved a tolling of the term of probation by timely filing the first technically defective affidavit, which was quickly cleansed of errors by the filing of the second affidavit.
Petition for writ of habeas corpus denied.
NORTHCUTT and KHOUZAM, JJ., Concur.

. Although not necessary in this case, the amended statute can be applied retroactively. See Shenfeld v. State, 44 So.3d 96, 98 (Fla.2010). There is little case law addressing the application of the amended version of the statute.

. We have examined the record of Ms. Chadwick's direct appeal, 2D 11-6041, and it does not appear that any issue related to the sufficiency of the affidavit was raised in the trial court.