JACOBUS, J.
Leon Clayton appeals the final judgment and sentence entered after the lower court found he violated his probation by committing a new law violation (condition 5) and by associating with persons engaged in criminal activity (condition 13). He contends the lower court erred in finding that he: (1) constructively possessed less than twenty grams of cannabis; and (2) willfully and substantially violated condition 13 of his probation.
While Clayton was on probation, he was the passenger in a vehicle that was stopped for a traffic violation. Crystal Holder, who was driving the vehicle, was arrested for driving without a valid driver’s license. After her arrest, she consented to a search of the vehicle. During that search, officers found cannabis in several locations throughout the vehicle. Based on these facts, Clayton’s probation officer filed an affidavit of violation of probation alleging that Clayton violated his probation by committing the new law offense of possessing less than twenty grams of cannabis and associating with Holder, who was a person engaged in criminal activity (driving without a valid license). The lower court concluded that the facts at the hearing supported a finding that Clayton constructively possessed the cannabis in the vehicle and associated with Holder, who was a person engaged in criminal activity. As a result, the lower court entered an order violating Clayton’s probation and sentencing him to six years in prison.
We have reviewed the record and conclude that the evidence below supports the lower court’s finding that Clayton was in constructive possession of the cannabis. We, therefore, affirm the court’s order violating Clayton’s probation based on the new law offense without further comment. The record does not, however, support the lower court’s finding that Clayton violated his probation by associating with persons involved in criminal activity.
To violate a defendant’s probation, the State must prove “by the greater weight of the evidence that [he] has willfully and substantially violated probation.” Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). Although the court may find that even a technical violation of probation justifies revocation, in order to revoke the defendant’s probation, there must be evidence the violation is “the product of a knowing and willful act.” Stevens v. State, 599 So.2d 254, 255 (Fla. 3d DCA 1992).
Here, the evidence established that Clayton was the passenger in a vehicle driven by Holder, who did not possess a valid driver’s license. There was no evidence that Clayton was aware Holder did not have a valid driver’s license when she decided to drive the vehicle. Likewise, there is absolutely no evidence that Holder or the other passengers were in construe- *727 five possession of the cannabis found in the vehicle. Because the evidence below does not support a finding that Clayton knowingly and willfully violated his probation by associating with persons engaged in criminal activity, it was error to violate his probation on this basis. See Holmes v. State, 988 So.2d 1252 (Fla. 5th DCA 2008) (reversing violation of probation where evidence did not support finding that defendant knowingly associated with persons engaged in criminal activity).
Although the court erred in violating Clayton’s probation based on condition 13, we nonetheless affirm the revocation and sentence in this case because it is apparent from the record that the lower court would have revoked Clayton’s probation based solely upon its finding that he violated condition 5 of his probation. See Garcia v. State, 73 So.3d 823, 824 (Fla. 5th DCA 2011). This matter is remanded to the lower court so it can clarify in its violation order that the revocation of Clayton’s probation is based solely upon his violation of condition 5.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
GRIFFIN and PALMER, JJ„ concur.