ORFINGER, J.
Keith Alan Little challenges the revocation of his drug offender probation. Little argues that the charging affidavit failed to allege an act that violated the terms of his probation. We agree and reverse.
Little was placed on drug offender probation after pleading guilty to two drug possession charges. He was ordered to comply with, among other things, Special Condition 22, which reads:
22. Other: YOU WILL ENTER, PARTICIPATE AND SUCCESSFULLY COMPLETE PUTNAM COUNTY ADULT DRUG COURT.
Little reviewed each condition of his probation with a probation officer. At drug court orientation, Little received and reviewed the Putnam Adult Drug Court Operation Participant Handbook (“PADCO Handbook”), which contained rules for the successful completion of drug court. Regarding over the counter (OTC) medications, the PADCO Handbook reads:
We encourage you not to resolve ailments and other problems by using medications when possible; nonetheless you may use over the counter medications as needed. Before taking these medications, you must discuss it with your treatment counselor for approval. Do not take medications that contain ... pseudoephedrine ....
(Emphasis added).
Conducting a random search of pseu-doephedrine logs throughout the county, a Drug Court Team member, Captain Joe Wells, found that Little purchased pseu-doephedrine fifteen times over a nine-month period during his probation. When questioned, Little told Captain Wells that he took the drug for a cold. Little’s pro *467 bation officer filed an affidavit of violation of drug offender probation, which alleged:
FAILURE TO COMPLETE DRUG COURT
Violation of Special Condition (22) of the Order of Drug Offender Probation, by failing to successfully complete Putnam County Adult Drug Court and as grounds for belief that the offender violated his probation, Officer Kevin Manning states that the offender failed to comply with all operating rules, regulations and procedures of the Putnam County Adult Drug Court between 02/29/2012 and 11/22/2012 as evidenced by Putnam County Sheriffs Office ... which shows the offender purchased/possessed Pseudoephedrine fourteen times without permission.
(Emphasis added). Little sought dismissal of the violation of probation (VOP), arguing that possessing pseudoephedrine while participating in drug court, as alleged in the VOP affidavit, did not violate the Drug Court rule against taking medications with pseudoephedrine. The trial court denied the motion to dismiss.
Following a VOP hearing, the trial court found:
I am going to find that Mr. Little has willfully and substantially violated his probation by violating Special Condition 22, which is not following the rules of drug court by taking pseudoephedrine.
You know, Mr. Little has told us — told Captain Wells one thing and told us something else today. And that testimony today just is not credible.
So I’m going to find that he failed to complete — successfully complete drug court and find that he has violated Special Condition 22.
(Emphasis added). Prior to sentencing, the court restated its finding:
I found that you violated Condition 22 of not following the drug court rules by using the pseudoephedrine and by purchasing the pseudoephedrine. I believe that’s made abundantly clear in the written materials and in the directions that are given by the [counselors] and by, you know, drug court representatives, that you may not possess that and the fact that you’ve bought pseudoephed-rine 14 times.
(Emphasis added). The court adjudicated Little guilty, revoked his probation, and sentenced him to prison. Little argues that the charging affidavit did not allege the act that was the basis for the trial court’s revocation of probation or an act that violated Special Condition 22. This is a question of law that we review de novo. E.g., Lawson v. State, 969 So.2d 222, 229 (Fla.2007).
An affidavit of violation of probation “must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence.” Hines v. State, 358 So.2d 183, 185 (Fla.1978). A VOP affidavit need not be as specific as a criminal charging document and may, despite defects, be acceptable so long as the probationer’s “minimal due process rights” are protected. Smart-mays v. State, 901 So.2d 278, 280 (Fla. 5th DCA 2005); see Lawson, 969 So.2d at 235 (upholding revocation based on failure to complete drug program despite regulations that failed to specify required date of completion or maximum number of chances to complete, holding that “[probation orders need not include every possible restriction so long as a reasonable person is put on notice of what conduct will subject him or her to revocation”). However, it is error to revoke probation based on allegations contained in an affidavit that fails to provide the probationer notice of the acts he allegedly violated. Hines, 358 *468 So.2d at 185; see Smartmays, 901 So.2d at 280 (citing Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003)).
The VOP affidavit alleged that Little “purchased/possessed” pseudoephedrine, an act that does not violate Special Condition 22, which only prohibits “taking” an OTC medication containing pseudoephedrine. See, e.g., Bonner v. State, 138 So.3d 1101, 1102 (Fla. 1st DCA 2014) (reversing revocation where affidavit alleged non-existent crime of “LSOA [leaving scene of accident] without giving info more than $50 damage” rather than actual crime of leaving scene of accident with personal injury). By revoking Little’s probation for taking pseudoephedrine, the trial court based the violation on a charge that was not alleged in the affidavit. See, e.g., Garcia v. State, 73 So.3d 823, 823-24 (Fla. 5th DCA 2011) (reversing trial court’s revocation for firearm possession where affidavit alleged different criminal activity). Therefore, we reverse the probation revocation order due to the violation of Little’s due process right to sufficient notice.
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ., concur.