# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-1843
Lower Tribunal No. AIST0DE

————————————

**Edwin Segovia,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos Martinez, Public Defender, and Maria Elena Lauredo, Chief Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for respondent.

Before FERNANDEZ, GORDO and BOKOR, JJ.

FERNANDEZ, J.

Edwin Segovia files a Petition for Writ of Prohibition against the trial judge in the underlying case concerning an alleged probation violation. Segovia argues that the trial court failed to capture jurisdiction before his probation expired on July 2, 2025, and the trial court no longer has jurisdiction to hear the alleged probation violation. Because the trial judge did not issue a notice to appear until after the expiration of Segovia's probation and no longer has subject matter jurisdiction, we grant the petition for writ of prohibition and order the trial court to dismiss the case and discharge Segovia.

Segovia was charged and found guilty of driving under the influence with property damage. He was sentenced to serve one year of reporting probation beginning on July 2, 2024 and expiring on July 2, 2025.

On June 9, 2025, an affidavit alleging that Segovia violated his probation was filed. On June 11, 2025, the clerk's office sent Segovia a standard "praecipe for court notice" setting the case for a hearing. The probation term then expired on July 2, 2025. On August 8, 2025, the trial judge issued a notice for Segovia to appear for a probation violation hearing.

Counsel for Segovia filed a motion to dismiss Segovia's probation violation for lack of jurisdiction. Segovia's counsel pointed out that the probationary term expired on July 2, 2025, and because the trial court did

2

not issue a warrant or notice to appear before the expiration date, as required by section 948.06(1), Florida Statutes (2025), the time was not tolled before July 2, 2025.

In response, the State argued that the clerk-issued praecipe filed on June 11, 2025 "functions as a notice to appear" and was satisfactory to capture jurisdiction. Defense counsel responded that section 948.06(1)(b) states that the trial judge must issue the required notice to appear rather than the clerk.

On September 16, 2025, the trial court denied the defense motion to dismiss, agreeing with the State that the Jun 11, 2025 praecipe was sufficient to toll the probationary period. Thereafter, Segovia filed the writ of prohibition.

A writ of prohibition is the proper means to review a trial court's order denying a motion to dismiss, resulting in the trial court continuing to exercise jurisdiction after the expiration of probation. See Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3), 9.100; Smith v. State, 348 So. 3d 1208, 1209 (Fla. 5th DCA 2022). We therefore have jurisdiction.

"[It is an] elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008) (quoting

Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 948 So.2d 599, 606 (Fla. 2006)). The plain language of section 948.06(1), Florida Statutes (2025), reveals that the legislature intended direct judicial oversight of an alleged probation violation. Throughout section (1), the legislature takes each subsection to delineate the specific roles of the trial judge, the probation officer, and the court in general.

The whole of subsection (1)(b) addresses the actions a "committing trial court judge" may take. Specifically, "the committing trial court judge" is: 1) to review the facts of the affidavit, and 2) if appropriate based on the facts, to issue either a) a warrant or b) a notice to appear. As to a notice to appear, the language explicitly reads, "In lieu of issuing a warrant for arrest, the **committing trial court judge** may issue a notice to appear[.]" (Emphasis added).

Subsection (1)(g) addresses how a probationary period is tolled, which requires two steps: 1) a filing of an affidavit, and 2) the issuance of either a) a warrant, b) a "warrantless arrest under this section," or c) "a notice to appear under this section." (Emphasis added). It naturally follows that the roles defined earlier under this section would fill in the gaps of the who and the how of the requirements for tolling of a probationary period. As provided in subsection (1)(b), "the committing trial court judge" 1) reviews the affidavit,

4

and 2) if appropriate based on the facts of the affidavit, issues a warrant or a notice to appear.[1]

Accordingly, it was the explicit intent of the legislature for "the committing trial court judge" to be the actor in issuing the notice to appear "under this section." In this case, the committing trial court judge did eventually issue the notice to appear but not until after the expiration of probation.[2] As a result, the trial court lost subject matter jurisdiction over Segovia.

Further, on inspection of the praecipe, absent is any mention of a probation violation and language ordering Segovia to appear. See Fla. R. Crim. P. 3.125 ("If notice to appear is issued, it shall contain the: . . . offense(s) charged."). This is in direct contradiction with the Order on Motion to Dismiss Probation Violation Affidavit that states that the praecipe was for a "hearing on the probation violation for June 27, 2025."[3] The State cannot rely on the information contained in the affidavit to make up for what is

---

[1] We are not suggesting that the trial court must herself issue the notice to appear, but at minimum, the notice to appear must be issued at the direction of the trial court and must actually notify the defendant that he or she must appear for the scheduled hearing.

[2] The notice to appear was issued at the direction of the trial court by the trial court's judicial assistant.

[3] The praecipe issued by the Clerk's Office, titled "Praecipe for Court Notices Mailed on: June 11 2025," was nothing more than a printout that contained no language notifying the defendant that he must appear in court.

lacking in the praecipe, as the affidavit itself is not sufficient to toll the probationary period. See Stambaugh v. State, 891 So. 2d 1136, 1139 (Fla. 4th DCA 2005) ("Without the issuance of an arrest warrant [or a notice to appear], the January 28, 2004 VOP affidavit did not toll the probationary period."). Accordingly, in addition to the plain language of the statute, the praecipe did not include "the factual allegations necessary to fulfill the function of [a notice to appear]." Chadwick v. State, 118 So. 3d 827, 829 (Fla. 2d DCA 2012).

Because the trial judge did not issue a notice to appear until after the expiration of Segovia's probation and no longer has subject matter jurisdiction, we grant the petition for writ of prohibition and order the trial court to dismiss the case and discharge Segovia.

Petition granted.