DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TUNISIA SHAVONNE MCCLAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2954

[December 3, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; August A. Bonavita, Judge; L.T. Case No. 50-2024-MM-006576-AXXX-SB.

Daniel Eisinger, Public Defender, and Ethan R. Goldberg, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Mary Elizabeth Johnson, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

After a jury trial, the defendant appeals her misdemeanor convictions for improper exhibition of a weapon or firearm and discharging a firearm in a residential area. The defendant raises two arguments for reversal: (1) she was convicted of an uncharged crime because the evidence at trial proved a different crime than the count alleging discharge of a firearm in a residential area, and (2) the trial court erred in admitting an unauthenticated video at trial.

On the second argument, we affirm the trial court's admission of the video evidence without discussion. On the first argument, as the State concedes, we agree that the defendant was found guilty by the jury of discharging a firearm in a residential area based on evidence that was not charged in the information. We therefore reverse the conviction for discharging a firearm in a residential area and remand to the trial court to vacate the conviction.

*Background*

The evidence showed that the defendant shot the victim, one of her daughters, during an argument that occurred in the parking lot of the victim's apartment complex. The defendant and another daughter went to the complex uninvited and unannounced because the defendant was concerned that the victim was being abused by her boyfriend. The defendant and her other daughter wanted to try and convince the victim to come home with them. The victim and the other daughter got into an argument, which resulted in pushing and shoving. The defendant then got involved in the shoving match.

For her protection, the defendant commonly carried a gun in a hip holster. The defendant had the gun in the hip holster when she went to the victim's apartment complex on the morning of the incident. During the shoving match, the gun discharged, striking the victim with a bullet. The evidence at trial was conflicting as to how the gun came out of the holster and who had caused the gun to discharge.

Two witnesses living in the complex testified as to their observations of the shoving match. Cellphone video evidence of portions of the incident was also recorded by two different residents of the complex. The victim also testified for the defense, contending she had shot herself by accident. The defendant likewise testified the gun had discharged by accident.

The State argued in closing that it had proven the defendant had improperly exhibited a firearm because witness testimony showed the defendant had carried a firearm, witness testimony and video evidence showed that the defendant had been "waving it around," and all the witnesses had agreed that multiple people were present.

The defense argued the State had not presented any testimony that the defendant had intended to expose her weapon, or that she had been showing the gun to anyone, threatening anyone, waving the gun around, or being careless with it. The defense further argued that after the gun had come out of the holster, the defendant had tried to put the gun back, but the victim kept pushing and pulling at her. The defense argued the gun discharging was an accident caused by the victim, not the defendant. Finally, the defense argued the defendant was simply trying to protect her daughter when this devastating accident had occurred.

The jury found the defendant guilty as charged as to both counts. After sentencing, the defendant gave notice of appeal. As discussed above, we

find error only in the conviction for charging the defendant with discharging a firearm in a residential area.

*Appellate Analysis*

The defendant argues that her conviction for discharging a firearm in a residential area amounts to adjudication to an uncharged crime. Specifically, she argues the information was fundamentally defective where the State proceeded and presented evidence on an uncharged theory of prosecution.

The State agrees the information was fundamentally defective and the defendant's conviction for discharging a firearm should be reversed and remanded for dismissal of the charge. The State concedes the information charged the defendant under the wrong statute which did not apply to the theory of guilt and evidence which the State has presented at trial.

Whether an information is fundamentally defective is a legal question and therefore subject to de novo review. *See State v. Glatzmayer*, 789 So. 2d 297, 301 n.7 (Fla. 2001).

We have previously explained when an information is fundamentally defective:

> "A criminal information is fundamentally defective 'only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.'" *Felton v. State*, 919 So. 2d 557, 559 (Fla. 5th DCA 2005) (quoting *Smartmays v. State*, 901 So. 2d 278 (Fla. 5th DCA 2005)). "The overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried." *McMillan v. State*, 832 So. 2d 946, 948 (Fla. 5th DCA 2002).

*Perley v. State*, 947 So. 2d 672, 674 (Fla. 4th DCA 2007) (emphasis added).

Additionally, "a criminal defendant is entitled to a trial on the charges contained in the information and may not be prosecuted for uncharged offenses, even if [the uncharged offenses] are of the same general character or constitute alternative ways of committing the charged offense." *Morgan v. State*, 146 So. 3d 508, 512 (Fla. 5th DCA 2014) (citations omitted). "Citation to the correct statute in an information that specifically alleges the ways [in which] the statute was violated to the exclusion of others does not cure the fundamental defect inherent in a verdict that finds the

3

defendant guilty of violating the statute in the ways that were not charged." *Id.*

Further, "[i]t is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument." *Castillo v. State*, 929 So. 2d 1180, 1181 (Fla. 4th DCA 2006). "Therefore, an error that directly results in such a conviction is by definition fundamental." *Jaimes v. State*, 51 So. 3d 445, 449 (Fla. 2010) (footnote omitted).

Both parties agree the instant case is governed by our decision in *J.V. v. State,* 221 So. 3d 689 (Fla. 4th DCA 2017). In that case, the defendant was found in possession of packaged narcotics and was charged with two counts of possession of drug paraphernalia under section 893.147(1)(b), Florida Statutes (2015), which criminalizes the use or possession of drug paraphernalia "[t]o inject, ingest, inhale, or otherwise introduce a controlled substances into the body[.]" *Id.* at 690. "At trial, however, the state prosecuted appellant on the theory that appellant used or possessed drug paraphernalia to 'pack, repack, store, contain, or conceal' a controlled substance, which would be a violation of section 893.147(1)(a)." *Id.* Despite the superficial similarity between the two subsections, we reversed the two counts of possession of drug paraphernalia because the delinquency petition was fundamentally defective as to those counts where "th[e] counts cited the wrong statutory provision and failed to allege an essential element of the crime for which appellant was tried." *Id.*

We agree that *J.V.* is directly on point and mandates reversal and dismissal of the defendant's conviction for discharging a firearm in a residential area. Below, the second amended information charged the defendant with a violation of section 790.15(4), Florida Statutes (2024):

> COUNT 2: TUNISIA SHAVONNE MCCLAN on or about June 29, 2024, in the County of Palm Beach and State of Florida, did <u>discharge a firearm outdoors</u>, in an area that TUNISIA SHAVONNE MCCLAN <u>knew or should have known was primarily residential</u> in nature and with a residential density of one or more dwelling units per area, contrary to Florida Statute 790.15(4). (1 DEG MISD).

(emphasis added). Section 790.15(4) provides:

> Any person who <u>recreationally discharges a firearm outdoors</u>, including target shooting, in an area that <u>the person knows or reasonably should know is primarily residential in nature</u> and

4

that has a residential density of one or more dwelling units per acre, commits a misdemeanor of the first degree[.]

(emphasis added).

However, at trial, the State's theory of prosecution was that the defendant negligently or recklessly discharged the firearm on property used primarily as the site of a dwelling. This tracks the language of section 790.15(1), Florida Statutes (2024): "(1) . . . [A]ny person . . . <u>who recklessly or negligently discharges a firearm outdoors on any property used primarily as the site of a dwelling</u> . . . commits a misdemeanor of the first degree[.]" (emphasis added).

Thus, like in *J.V.*, despite the superficial similarity between two subsections of a statute, the information was fundamentally defective as to discharging a firearm in a residential area. Rather, the information "cited the wrong statutory provision and failed to allege an essential element of the crime for which appellant was tried [i.e., recklessly or negligently discharging a firearm]." *J.V.*, 221 So. 3d at 690. Thus, we conclude the defendant was convicted of an uncharged crime.

*Conclusion*

Having determined that the defendant's conviction for discharging a firearm in a residential area was improper because the evidence at trial did not support the crime charged in the information, we reverse the conviction and sentence on that count and remand for the trial court to vacate the judgment and sentence as to that count.

*Affirmed in part, reversed in part, and remanded with instructions.*

KUNTZ, C.J., and METZGER, ELIZABETH, Associate Judge, concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**

5